## A. ORR EWING and WILLIAM MILLER vs. R. C. JANION.

On a bill of discovery, in a matter of account, filed in the Equity side of the court, Held : that the bill would be entertained, notwithstanding the case was one cognizable at Law; and the Equity court having rightful jurisdiction, for the purpose of discovery, would also give relief.

The complainants doing business in Glasgow, Scotland, allege in their bill that they shipped certain goods at various times to the defendant to be held in trust for them by the said defendant, that the goods were duly received by the defendant, that the said defendant has been requested to account for the same and the proceeds of such of them as may have been sold, which he refuses to do, and conclude with the prayer that this Court compel the defendant to account for the disposition he has made of the said goods, &c. In other words, as we understand the bill, though it cannot be denied that it is informal and somewhat vague, they seek from the defendant a discovery of the facts as to the receipt, sale and proceeds arising from said goods, and upon such discovery, the necessary relief.

The defendants counsel demur to the bill, on the ground that the complainants have not stated such a case as entitles them to the relief prayed for, inasmuch as they have not alleged in their bill that they are remediless at common law and, inasmuch as the subject matter of said bill is only properly cognizable in a Court of Law, and not in a Court of Equity, whose jurisdiction does not extend thereto.

Because a party is entitled to a remedy at law, it does not follow that he is not equally entitled to relief in a Court of Equity. Especially is this so in cases of account, where, in many cases, if a Court of Law can afford any remedy at all, it cannot give so complete a remedy as a Court of Equity. In a Court of Law, the plaintiff may, from various causes, be unable to offer legal proof of his rights sufficient to enable him to obtain effective redress. In a Court of Equity he has a wider field. There he is entitled to a discovery of books, papers, and the defendant's oath. There he may draw out proofs from the defendant's own conscience, which were otherwise unattainable. "It is found by experience," says Justice Blackstone, "that the most ready and most effectual way to settle these matters of account is by a bill in a Court of Equity, where a discovery may be had on the defendant's oath, without relying merely on the evidence which the plaintiff may be well able to produce." (3 Black. Comm. 164.) Lord Chancellor Erskine in the case of the corporation of Carlisle vs. Wilson, (13 Vesey, 278, 279) says: "The principle upon which Courts of Equity originally entertained suits for an account, where the party had a legal title, is, that though he might support a suit at law, a Court of Law either cannot give a remedy, or cannot give so complete a remedy as a Court of Equity; and, by degrees, Courts of Equity assumed a concurrent jurisdiction in cases of account; for it cannot be maintained that this Court interposes, only, when no remedy can be had at law. The contrary is notorious." By no means would we assert that the Equity side of this Court will take jurisdiction and grant relief in all cases of account, where there is a remedy at law, but simply that it will exercise a sound discretion in such cases, and where a discovery of facts is sought, entertain the bill. This case, it appears to us, notwithstanding the informality of

the plaintiff's bill, is one in which such discovery is sought as is material to the plaintiff's right of recovery, and consequently one of which we cannot properly refuse to take Equity Jurisdiction. And the Equity side of this Court once having rightful jurisdiction of the case, it is bound to give relief. This doctrine is most ably demonstrated by Justice Story in his elaborate Commentaries on Equity Jurisdiction, under the head of Account.

We consider this is a case in which a resort to a Court of Equity is clearly for the advantage of both parties, and the demurrer is overruled.

Mr. Harris for complainants.

Mr. Montgomery and Mr. Bates for defendants.