## REDFIELD V. REDFIELD.

1. **Evidence**: ERROR IN ADMITTING: CURED BY INSTRUCTION. The admission of improper evidence in this case was no ground for reversal, where the court in its charge directed the jury not to consider it, especially as the same evidence had, in substance, already been given, without objection on the part of the appellant.

2. **Assault and Battery**: PRIOR CONDITION OF PLAINTIFF: EVIDENCE. In an action for a personal injury, an inquiry into the plaintiff's physical condition eighteen months prior to the injury complained of is immaterial, where no connection between that condition and her condition at the time of the alleged injury is shown or pleaded-

3. **Evidence**: EXCLUSION: SUBSEQUENT ADMISSION IN SUBSTANCE. A party suffers no prejudice from the exclusion of testimony which he is afterwards, without objection, allowed to give in substance.

4. **Assault and Battery**: IRRELEVANT EVIDENCE IN DEFENSE. In an action for an assault and battery committed by a master upon his servant, evidence as to how the chores were done by the servant in his absence was immaterial, as a neglect of the chores would not justify the assault and battery.

5. ————: EJECTION OF TENANT: INSTRUCTION. In an action for an assault and battery committed by defendant in ejecting plaintiff from his house, the court instructed the jury that if plaintiff and husband had been occupying the house with defendant's consent for more than thirty days, then defendant could not eject them without process of law. *Held* that, though plaintiff's tenancy was not in issue by direct averment, the charge was justified by defendant's plea that he had rightfully ejected plaintiff, and by the evidence offered on that issue.

6. ————: EJECTMENT FROM HOUSE: NOTICE: INCLEMENT WEATHER. In such case the court instructed that if plaintiff and her husband were boarding with defendant as his employes, still he had no right to eject plaintiff without reasonable notice to enable her to go peacefully, and that defendant would have no right to eject her at unreasonable hours nor in inclement weather, unless she was at the time conducting herself so as to disturb the peace of defendant's household. *Held* that this instruction was justified by evidence that defendant said: "I'll give you until to-morrow morning to get out of here, and, if you don't go, I'll put you out," and that, upon plaintiff saying, "I don't have to get out," he at once ejected her at night and in inclement weather.

7. ——: MITIGATION OF DAMAGES : BELIEF OF DEFENDANT. In such case, the court instructed that if defendant acted under the belief that he had a right to eject plaintiff, that fact might be considered in mitigation of his acts, even if they were unlawful. *Held* correct, where the effect of such finding on the question of malice and exemplary damages was properly presented in other instructions.

8. ——: EJECTION OF WOMAN FROM HOUSE AT NIGHT AND IN BAD WEATHER : EXCESSIVE VERDICT. In this case it appeared that defendant, violently and without any just cause, ejected plaintiff, —a woman in delicate health,—from his house at night and when the weather was inclement, whereby she sustained injuries, and was compelled to seek shelter at the house of a neighbor. *Held* that a verdict for six hundred dollars actual damages and one thousand dollars exemplary damages could not be disturbed, on appeal, as being excessive.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

## FILED, OCTOBER 9, 1888.

PLAINTIFF seeks to recover for injuries alleged to have been inflicted by defendant. The cause was tried to a jury, and a verdict returned in favor of plaintiff. Judgment was rendered on the verdict, and defendant appeals.

*Jas. McCabe* and *W. P. Ferguson,* for appellant.

*C. S. Keenan,* for appellee.

ROBINSON, J.—The petition of plaintiff states " that on the thirteenth day of February, 1887, while in the discharge of her household duties, she was wilfully and maliciously assaulted by the defendant, by him striking and choking her, and pushing her through the door of her dwelling, and off the porch—several feet high— onto the ground, from which she was unable to rise for a short time; that the night was cold and wet, and she was compelled to seek shelter in a neighboring house, being at the time in poor health, which fact was known by defendant at the time ; that she had been greatly injured in her person and health, humiliated and distressed in mind, and suffered great mental agony and

bodily pain ; for which she claims damages in the sum of five thousand dollars.'' The defendant admits that he forcibly ejected plaintiff from the dwelling in which she was then staying, but avers that he was the owner and in the rightful possession of the same ; that plaintiff and her husband were at that time in his employ ; but that, having failed to perform their duties properly, he discharged them, and notified plaintiff to leave the premises, which she refused to do, but asserted a right to remain ; that he thereupon ejected her, using no more than necessary force in so doing, He denies the allegations of the petition not admitted. The evidence seems to show that at the time in question defendant resided with his family in Shenandoah, but owned a farm a few miles from the town, where he fed and kept stock. In December, 1886, the plaintiff and her husband, who is a son of defendant, moved onto the farm, and commenced attending to the stock. At the time in question, some controversy arose as to the manner in which the chores were done, some abusive language was used, and the plaintiff was forcibly ejected from the house.

I.    This action was commenced on the twenty-third day of March, 1887, and tried on the fourth day of November of the same year. Appellant complains of the ruling of the court in permitting plaintiff to answer the questions, " Are you able to work now ? " and " For what reason ? " The answer to the first question was : " I have not commenced to work, but had thought of commencing and trying to work ; don't know whether I am able to work or not until I have tried. I have tried. I have been unable this summer.'' And to the second : " My back has been so lame I could not work.'' The court charged the jury not to consider the evidence of plaintiff touching the conditon of her health and the pain endured by her after the commencement of the suit. This withdrew from the jury so much of these answers as was responsive to the questions, and the latter only were objected to. We conclude that if there was error in the ruling it was cured by the charge. The

1. EVIDENCE :
error in admitting: cured by instruction.

plaintiff was permitted to testify, without objection, that the injury resulted in laming her back and arm so that she had not been able to work, and was cross-examined at considerable length as to her physical condition, both before and after she received the injuries in controversy. We do not think appellant has any reason to complain of the rulings in question, in view of the previous examination of the witness, and the charge of the court.

II. The plaintiff stated, on cross-examination, that she hurt her back July 4, 1885, and that at that time she was taking medicine, but not for her back. Defendant then asked her, "What complaint was the medicine for?" and now complains that an objection to the question was sustained. We think the ruling was correct. The time to which the question referred was more than a year and a half before defendant committed the acts of which she complains, and no connection between a disease which existed in July, 1885, and her physical condition in February, 1887, is shown or alleged.

*2. Assault and battery: prior condition of plaintiff: evidence.*

III. Appellant complains of the ruling of the court in sustaining an objection to a question asked of defendant as follows: "What right did plaintiff or husband have there?" It is true, an objection to this question was sustained, but defendant afterwards stated the terms under which these persons were in the house, and no prejudice could have resulted from the ruling.

*3. Evidence: exclusion: subsequent admission in substance.*

IV. The court below refused to allow defendant to state how the chores were done in his absence.. We think this ruling was correct. It was immaterial to the issues of the case whether the chores were properly done or not. Certainly it would not justify defendant's acts, nor show that they were without malice, to prove that the chores were neglected.

*4. Assault and battery: irrelevant evidence in defense.*

V. Appellant complains of the eighth paragraph of the charge, on the ground that it submitted to the

**5. ——: ejection of tenant: instruction.** jury questions not in issue, and of which there was no evidence, and that it was misleading. It instructed the jury that if plaintiff and husband were occupying the house with defendant's consent, and had been so occupying it for more than thirty days, then defendant could not eject them, except by process of law. It is said that the question of plaintiff's tenancy at will was not in issue. It was not in issue by express averment, but the charge was justified by defendant's plea that he had rightfully ejected plaintiff, and by the evidence offered on that issue. The **6. ——: ejectment from house : notice: inclement weather.** paragraph of the charge under consideration further instructed the jury that if plaintiff and husband were boarding with defendant as his employes, still he had no right to eject plaintiff without reasonable notice to enable her to go peacefully, and that defendant would have no right to eject her at unreasonable hours, nor in inclement weather, unless she was at the time conducting herself so as to disturb the peace of defendant's household. Appellant complains of this on the ground that the evidence shows without contradiction that the reasonable notice was given and rejected. The plaintiff's testimony on this point was that "defendant said : 'I'll give you until to-morrow morning to get out of here, and, if you don't go, I'll put you out.' I said, 'I don't have to get out.' When I said that he became very angry, got up and opened the door into the hall, and the outside door onto the porch and came back to me. When about two feet from me, I raised my arms, and said : 'Don't lay hands on me.' He grabbed me by the left arm, and jerked me out of my chair, and knocked me on the back of my head, and sent me across the room to the partition ; and, if I had not raised my hand, I would have gone against the wall. Before I could straighten up he grabbed me again by my left arm, and jerked me through the door opening into the hall, and from there through the east door to the porch, when he struck me behind the shoulders, which sent me off the porch two or three feet high, saying: 'Now go,' and slammed the door behind me." The portion of

the charge in regard to reasonable notice was given in connection with that which instructed the jury that plaintiff could not be ejected at an unreasonable hour, nor in inclement weather. In other words, the jury were told that the giving of reasonable notice to leave did not authorize defendant to eject the plaintiff at an unreasonable time. As applied to the facts in this case, the charge was correct. If plaintiff was entitled to notice in the evening that she must leave the next morning, the fact that when the notice was given she said that she did not have to go, or would not go, would not justify defendant in ejecting her forthwith. She would still be entitled to leave. The remainder of this paragraph of the charge instructed the jury that if defendant acted under the belief that he had a right to eject plaintiff, that fact might be considered in mitigation of his acts, even if they were unlawful. Appellant complains of this on the ground that it was erroneous and misleading, in that it asserted that the facts could be considered in mitigation only, whereas they should have the effect to eliminate the element of malice and claim for exemplary damages. But other portions of the charge presented this question to the jury. The charge was correct, so far as given. If further instructions were needed, they should have been asked.

7. —— : mitigation of damages : belief of defendant.

VI. Appellant complains of various rulings of the court in admitting and excluding evidence, and of different portions of the charge. We have considered all the questions discussed, and have made special mention of the most important of them. We discover no prejudicial error in any.

VII. The appellant insists, finally, that the verdict and special findings were excessive, and not warranted by the evidence. The jury found that plaintiff was entitled to recover sixteen hundred dollars, of which six hundred dollars was for actual, and the remainder for exemplary, damages. If the evidence given on the part of plaintiff is credible, the acts of defendant in ejecting plaintiff

8. —— : ejection of woman from house at night and in bad weather: excessive verdict.

were without any reasonable cause or justification.  She was assaulted and beaten while in a delicate state of health, and driven out of the house in the evening in inclement weather, and compelled to seek shelter at the house of a neighbor.  She testifies to serious injuries, and is corroborated to some extent by the testimony of others.  The injuries for which she may recover, under the allegations of her petition and the evidence, are of such a character that the money compensation therefor cannot be ascertained with exactness, but must be determined by the jury in the exercise of a sound judgment, guided by the instructions of the court.  *Russ v. War Eagle*, 14 Iowa, 372 ; *Locke v. Sioux City & P. Ry. Co.*, 46 Iowa, 115.  We cannot say that the verdict is against the weight of the evidence.  The judgment of the district court is                          AFFIRMED.