PERRY PARRISH v. THE STATE.

*No. 182. Decided February 17.*

1. **Requested Instruction—Practice.**—It is the proper and correct practice to refuse a requested instruction upon an issue not raised by the evidence in the case.

2. **Aggravated Assault and Battery—Evidence.**—On a trial for aggravated assault and battery committed with a deadly weapon, it is competent evidence for the injured party to exhibit to the jury the place on his side from which a physician had extracted portions of a rib broken by defendant at the time of the battery.

APPEAL from the County Court of Greer. Tried below before Hon. CHARLES M. THACKER, County Judge.

This appeal is from a conviction for aggravated assault and battery, wherein the punishment assessed was a fine of $100.

The evidence shows that Jim Bell, the injured party, who was about 18 years of age, and two other boys, went in bathing on the 26th of June, in a water tank in the pasture of the defendant. Defendant went to the tank and cursed them and ordered them out. Bell was the last to get out, and whilst he was dressing, defendant struck him across his side with

a seasoned willow stick, about three feet long and one and one-half inches in diameter at the larger end and half an inch at the smaller end. He struck him two other blows with it afterwards, one on the head, the other on the arm, the former knocking him down. A month or two afterwards Bell's horse slipped with him at a ditch, which caused a wrench of the side. A physician was called, who lanced and probed the swollen place on the side, and also took from the swollen place a large quantity of puss and about three inches of the eighth rib, which was broken, and which, from its decayed appearance, the doctor thought had been broken for sometime. He testified that it could have been broken by the blow from the stick, as described by the witnesses.

Defendant requested an instruction, in effect, that if he "was acting for the purpose of interrupting an intrusion upon the lawful possession of his property, and that he used no harsher means than was necessary to accomplish that end," the jury should acquit. This instruction was refused by the court.

No brief on file for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE. — 1. Defendant's requested instruction, to the effect that he was authorized to inflict the battery upon Bell, the assaulted party, in preventing an unlawful intrusion upon his premises, was correctly refused.

The evidence did not present such an issue. Bell and two other boys had gone into defendant's enclosure, and were bathing in his tank, when defendant came upon and ordered them to get off his premises. They promptly came out of the water, and were dressing when defendant approached and struck Bell three severe blows with a good size stick. Defendant was in no way resisted.

2. Bell, while testifying, exhibited to the jury the place on his side where defendant struck him, and from which a physician subsequently extracted portions of the broken rib. This evidence was objected to, and a bill of exceptions was reserved to its admission. The ruling of the court was correct. Whart. Crim. Ev., sec. 312.

3. The evidence is sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.