SYLLABUS—EVIDENCE.

## ISAAC WATSON *vs.* LEVIN HASTINGS.

*Trespass vi et Armis—Evidence—Pleading and Practice—Exemplary Damages.*

1. In an action of trespass *vi et armis*, under the plea of *son assault demesne* the defendant will be permitted to prove that a particular wound may have been inflicted in some other way than by the act of the defendant.

2. If a person enter the house of another after being ordered by the owner not to enter, or should persist in remaining after he is ordered to depart, he becomes a trespasser, and the owner has a right to use enough force to eject him from such premises and to prevent his re-entering. But the same rule applies as in self-defence, and no more force can be employed than is necessary to effect the eviction of the trespasser.

3. The plea of *son assault demesne*, with the replication of *de injuria* make it necessary for the defendant to show that the plaintiff committed the first assault, and that what was thereupon done on his part was in necessary self-defence.

4. If the jury believe, from the evidence, that the assault was not only wrongful and unlawful, but also wilful and aggravated in its character, they may award exemplary damages in addition to compensatory damages.

(*October 14, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*John M. Richardson* and *C. W. Cullen* for plaintiff.

*R. C. White* for defendant.

Superior Court, Sussex County, October Term, 1897.

ACTION of trespass *vi et armis.* The facts sufficiently appear in the charge of the Court. The defendant's pleas were not guilty, *son assault demesue* and statute of limitations.

After proving by several witnesses that the defendant committed an assault and battery upon the plaintiff by striking him over the head with an ax helve at the defendant's store in Delmar, Sussex County, on the evening of October 8th, 1895, the physician who had dressed the wound, alleged to have been produced thereby, was called to the stand to prove the nature and extent of the same. In cross-examination Mr. White asked the physician the following question:

" Could those incisions on the head have been produced there by falling upon a flat substance with a little rise in it?"

*Mr. Richardson* objected, on the ground that the defendant's plea of *son assault demesne* admitted the assault as laid in the declaration of the plaintiff, and he was therefore esstopped from proving that it was done in some other way.

PENNEWILL, J:—The Court think the evidence admissible. The plea of *son assault demesne* only admits the assault and trespass. It does not admit the infliction of any particular wound; and there were more then one alleged to have been inflicted in this case.

Suppose there had been a dozen wounds inflicted, all of which affected this plaintiff, we think the defendant should be allowed to show, if he can, that a particular wound was made in some other way than by his act. Or suppose this wound in fact did result from some other cause, the defendant would be permitted to show it if he could.

We think this is admissible. The witness can answer the question.

### PLAINTIFF'S PRAYERS.

The plaintiff prayed the Court to instruct the jury, *First*, that if they find from the evidence that an assault was committed by the defendant upon the plaintiff, they should award some damages to the plaintiff, without special damages having been proven.

*Lewis vs. Hoover, 3 Blackf., (Ind.), 407; Andrews vs. Stone, 10 Minn., 52; Birchard vs. Booth, 4 Wis., 67.*

*Second*, That if they believe, from the evidence, that, even though the first assault was made by the plaintiff, an excess of force was used by the defendant, the plaintiff is entitled to recover damages for such excess.

*Jefferson vs. Adams et al., 4 Harr., 321; Hannen vs. Edes, 15 Mass., 347; Barnet vs. Appleton, 25 Wend. (N. Y.), 371; Likes vs. Van Dike, 17 Ohio, 454.*

*Third*, That if they find, from the evidence, that an injury was sustained by the plaintiff by reason of the assault, they should award him damages for the injury done him, and exemplary damages if they believe the assault to have been an aggravated one.

*Morgan vs. Curly, 142 Mass.; Caldwell vs. Central Park, etc., R. Co., (N. Y. C. Pl.), 27 N. Y. Supp., 397; Townsend vs. Bragg, 99 Cal., 481.*

*Fourth,* That in arriving at their verdict the jury should take into consideration, in assessing the damages, the probable future injury that will result to the plaintiff for the act of violence perpetrated by the defendant, the damages which may arise hereafter as well as those which have already arisen.

*Shelter vs. York, Crabbe (U. S.), 449; Gurther vs. Blowers, 11 Md., 536.*

## DEFENDANT'S PRAYERS.

The defendant prayed the Court to instruct the jury:

*First,* That Hastings, the defendant, being in his own house and having forbidden the plaintiff to enter, and having retreated as far as possible while the plaintiff was pursuing him in a threatening and angry manner, was justified in using such force as was testified by the defendant's witnesses that he did use to eject the plaintiff from his store, and after the plaintiff had been ejected, he, the defendant, was justified in using the ax helve to prevent the re-entry of the plaintiff, the doors having been broken so that they could not be closed against him.

*Second,* That the defendant was justified in using greater force while defending himself against a trespasser upon his own premises than if he had not been on his own premises.

*Third,* That the jury are the judges of the fact whether the defendant, Hastings, used greater force than was necessary to defend himself under all the circumstances of the case.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Isaac Watson against Levin Hastings for a forcible and unlawful trespass, called in law a trespass *vi et armis.* In this case the plaintiff Isaac Watson, has charged the defendant, Levin Hastings, with having on the eighth day of October, 1895, committed upon him an assault and battery, whereby he, the said Watson, was

severely injured; and because of such injuries he suffered and still does suffer much pain, and has lost to a large extent the use of the thumb on his left hand, and also the sense of smell. He claims that by reason of said injuries he is incapacitated to a considerable extent from pursuing his usual avocation, viz: that of baker; and he therefore demands from the defendant damages sufficient to compensate him for his pain and suffering, loss of time and capacity in conducting his business, and also for such pain and suffering, and loss of time and capacity as may hereafter be caused or ensue by reason of the injuries complained of.

It appears from the record of the case that there were several pleas entered by the defendant, but the one relied on is known as the plea of *son assault demesne*; and such plea together with the replication of *de injuria*, which the plaintiff has made thereto, make it necessary for the defendant to show that the plaintiff actually committed the first assault, and also that what was thereupon done on his part was in the necessary defense of his person. And such in fact is the position taken by the defendant, he contending that the plaintiff made the first assault, and that he himself used no more force than was necessary to repel the attack of the plaintiff and defend himself. In brief, gentlemen, the question before you is this: Was Levin Hastings, when he made the assault and battery on Isaac Watson on the eighth day of October, acting only in necessary self defence.

Whenever a person is attacked by another, he has the right to defend himself, and may use sufficient force to repel the attack in order to save his life or protect himself from bodily harm. But the resistance must be no more than is necessary to accomplish this. If it be greater than is required for such purpose it becomes in law excessive and without excuse or justification, making the party a trespasser and wrong doer from the beginning. Nor can a person even when assaulted follow up his assailant and attack him when in the act of retiring or retreating from the scene of the affray; such a course would not be in self defence or justifiable on any ground. And we will also say to you, that mere words, however insulting or offensive, cannot excuse an assault and battery; but if a person should enter the house of another, after being ordered by the owner not to enter, or

should persist in remaining after he is ordered to depart, he would become a trespasser, and the owner would have a right to use enough force to eject him from such premises and to prevent his re-entering. But the same rule applies as in self defence, and no more force can be employed than is necessary to effect the eviction of the trespasser.

Now, gentlemen of the jury, this is the law as we understand it governing this case, and it is your duty to apply the law to the facts as you have heard them from the witnesses. With such facts we have nothing to do; the consideration of the facts and the evidence, the injury inflicted, whether it was wrongful, and the extent of it are for you and you alone. The weight and effect of the testimony, and the credibility of witnesses are for you to determine. We will only say in this connection that if you find the testimony conflicting you must reconcile it if you can, and arrive at a just conclusion, but if you cannot reconcile it you may accept such evidence as from all the circumstances seems most worthy of credit, taking into consideration the relative position of the parties with regard to the occurrence, their connection therewith, their means of knowledge, as well as their interest.

In this case, as in all civil cases, the law requires that the plaintiff should establish his case by a preponderance of the testimony, and unless he has done that to your satisfaction, your verdict should be in favor of the defendant.

If after a careful consideration of all the testimony you should find that the assault and battery in this case was committed by the defendant, Levin Hastings, upon the plaintiff, Isaac Watson, without justification and not in self defence, but wrongfully and unlawfully, your verdict should be for the plaintiff, and for such a sum as will reasonably compensate him for the injuries shown by the evidence to have been received by him, having regard to the suffering and loss that he may hereafter sustain by reason of said injuries as well as that already sustained.

We have been asked by the counsel for the plaintiff to charge you that if you believe the assault was an aggravated one you should award exemplary damages in addition to damages in the way of compensation for the injuries received. The following

language was used by the Court in the case of *Jefferson vs. Adams et al., 4 Harr., 321*: "In actions for wilful injuries the jury might, if they thought the case required it, give damages by way of punishment, and beyond a mere compensation of the actual injury. It was for the jury to say whether there were circumstances of aggravation in this case which ought in their judgment to require a departure from the general rule of compensatory damages, and which called on them to add anything by way of public example or punishment."

And we say to you in this case, it is for you, and you alone, to say whether there is anything proved in this case which requires that such damages should be awarded. To justify such damages you must be satisfied that the assault was not only an unlawful and wrongful one, but wilful and aggravated in its character.

In conclusion, gentlemen, we will say, that if you believe, however, from the testimony in this case, that the defendant, Levin Hastings, committed the assault and battery in self defence, and was justified in doing what he did because of the attack made by Watson on him, your verdict should be for the defendant.

Verdict for plaintiff for five dollars.