(July 2, 1918.)

C. C. TIPSWORD, Respondent, v. WILLIAM POTTER, SILVER POTTER and GOLDIE POTTER, Appellants.

[174 Pac. 133.]

NONSUIT—DIRECTED VERDICT—WHEN PROPERLY REFUSED—MASTER AND SERVANT — TRESPASSER — REFUSAL TO LEAVE WHEN REQUESTED — EJECTION — REASONABLE FORCE — NOTICE TO SERVANT NOT TO RECEIVE UNNECESSARY — ASSAULT — BATTERY — RELEASE OF PERSON ARRESTED FOR CRIMINAL OFFENSE UPON AGREEMENT NOT TO RETURN TO PREMISES—INSTRUCTIONS.

1. Where there is some evidence tending to support the complaint it is not error to deny a motion for a nonsuit or for a directed verdict.

2. The occupation of a master's premises by his servant is in law the occupation of the master. The servant has no hostile possession, no independent right to possession.

3. A servant has no right to bring anyone into his employer's house to live with him without the master's consent, and it requires no notice from the employer to make this prohibition upon the servant effective.

4. In order to justify the use of force in ejecting a trespasser from premises where he entered peaceably, it must be shown that he was first requested to depart, and either that he refused to or did not comply with the request after being allowed a reasonable time to do so.

5. Where there is evidence sufficient to warrant the jury in finding that a trespasser refused to leave the premises the owner is entitled to an instruction that if the former refused to leave upon demand the latter had a right to eject him, using such force as was reasonably necessary so to do.

6. When a trespasser refuses to leave the premises or defiantly stands his ground armed with a deadly weapon, the occupant may at once resort to physical force to remove him, subject, of course, to the qualification of reasonableness, that there can be no killing of the trespasser unless necessary in self-defense or to prevent a felony.

7. When a private person arrests another for a criminal offense committed in his presence, and thereafter releases him from custody upon an agreement that if the latter should not be turned over to a peace officer he would not return to the former's premises, such release does not alone amount to a waiver of any right of the latter to recover for any assault or battery committed by the former.

[As to expulsion of trespassers, see note in 93 Am. St. 254.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. R. N. Dunn, Judge.

Action for damages for personal injuries. Judgment for plaintiff *reversed.* New trial granted.

G. H. Martin, for Appellants.

Mere occupancy of the property of another is not in itself sufficient to create a tenancy. (24 Cyc. 882.)

Where a person is hired to do a certain work at a stipulated price, and is allowed the permission to occupy a room so long as he remained in the defendant's employ, the employer has the right to terminate the employment and to forcibly eject the employee from the room. (*De Briar v. Minturn,* 1 Cal. 450; *Bourland v. McKnight,* 79 Ark. 427, 96 S. W. 179, 4 L. R. A., N. S., 698; *School Dist. of Alpine Twp. v. Batsche,* 106 Mich. 330, 64 N. W. 196, 29 L. R. A. 576.)

The owner of property has the right, upon demand, to forcibly eject a trespasser from his property and to use reasonable force for that purpose. (2 R. C. L. 557; 3 Cyc. 1045.)

Where a trespasser defiantly stands his ground armed with

a deadly weapon, the occupant may at once resort to physical force to remove him without being guilty of assault and battery. (*State v. Davis,* 80 N. C. 351, 30 Am. Rep. 86.)

Where the trespasser resists ejection from the premises and commits an assault on the owner, the latter may use such force as is necessary to overcome not only the trespass on the land but the assault on his person. (*State v. Davis, supra; Shain v. Markham,* 4 J. J. Marsh. (Ky.) 578, 20 Am. Dec. 232; *Morgan v. Durfee,* 69 Mo. 469, 33 Am. Rep. 508; 2 R. C. L. 558.)

The Butts, being the servants of Potter, had no right to take a lodger and boarder without obtaining Potter's consent. (*Bowman v. Bradley,* 151 Pa. St. 351, 24 Atl. 1062, 17 L. R. A. 213.)

No brief filed on behalf of Respondent.

BUDGE, C. J.—Respondent brought this action for damages for personal injuries alleged to have resulted from an assault and battery upon him by appellants. The answer denied the material allegations of the complaint, and as an affirmative defense alleged that on the date in question respondent was a trespasser in a house upon premises belonging to appellant William Potter; demand was made that respondent leave the premises, whereupon he went into an adjoining room, procured a loaded rifle, made an assault upon appellant therewith and threatened and attempted to shoot him, and thereupon appellant choked respondent until he dropped the gun and then ejected him from the premises, using no more force than was reasonably necessary. The case was tried to a jury and a verdict returned in favor of respondent. This appeal is from the judgment and from an order denying a motion for a new trial.

The assignments of error attack the sufficiency of the evidence and the giving and refusal to give certain instructions. The evidence is conflicting, and there is some evidence tending to support respondent's complaint. A review of the evidence at this time is unnecessary. We are satisfied that the court

committed no error in denying the motion for nonsuit and the motion for a directed verdict.

The plaintiff requested the following instruction: "The court instructs the jury that, if it appears from the evidence that the Butts were occupying the house where the combat in controversy in this case took place, without any agreement to pay rent and as a gratuity, and so long as they were employed by the defendant, Wm. Potter, in working in and about his ranch, then they would not be tenants and would have no right to take plaintiff in as a lodger or boarder against the consent of said Potter, and the said Potter would have the right at any time, to demand that plaintiff leave said premises and if plaintiff refused or did not do so, said Potter would have the right to remove said plaintiff from said premises, using such force as was reasonably necessary so to do."

The court refused to give the instruction as requested, but modified it by inserting after the words "lodger or boarder," the words "after notice from said Potter not to do so," and by striking out the word "refused," and inserting the words "not complied with with reasonable promptness under the facts in evidence." The inclusion of the words, "after notice from said Potter not to do so," was error. The occupation of a master's premises by his servant is in law the occupation of the master; the servant has no hostile possession; no independent right to possession; his possession is the master's possession. (*Bowman v. Bradley,* 151 Pa. St. 351, 24 Atl. 1062, 17 L. R. A. 213; *Lane v. Au Sable Elec. Co.,* 181 Mich. 26, Ann. Cas. 1916C, 1108, 147 N. W. 546; *Bertie v. Beaumont,* 16 East, 33, 34, 104 Eng. Reprint, 1001; *De Briar v. Minturn,* 1 Cal. 450; *School Dist. of Alpine Twp. v. Batsche,* 106 Mich. 330, 64 N. W. 196, 29 L. R. A. 576; *Davis v. Williams,* 130 Ala. 530, 89 Am. St. 55, 30 So. 488, 54 L. R. A. 749; *Chatard v. O'Donovan,* 80 Ind. 20, 41 Am. Rep. 782; *Homan v. Redick,* 97 Neb. 299, 149 N. W. 782, L. R. A. 1915C, 601; *Mead v. Owen,* 80 Vt. 273, 13 Ann. Cas. 231, 67 Atl. 722, 12 L. R. A., N. S., 655; 16 R. C. L., p. 579, sec. 54; *Bourland* v. *McKnight,* 79 Ark. 427, 96 S. W. 179, 4 L. R. A., N. S., 698, and note; *Rookout v. Vuich* (Wash.), 172 Pac. 740; *Mackenzie v. Minis,*

132 Ga. 323, 16 Ann. Cas. 723, 63 S. E. 900, 23 L. R. A.,
N. S., 1003.)

Potter was under no obligation to notify Butts, who was
occupying the house as his servant or employee, not to receive
respondent upon the premises. A servant has no right to
bring anyone into his employer's house to live with him with-
out the master's consent, and it requires no notice from the
employer to make this prohibition upon the servant effective.
(*Tucker v. Burt,* 152 Mich. 68, 115 N. W. 722, 17 L. R. A.,
N. S., 510.)

The modification of the instruction by striking out the
word "refused," and inserting the clause "not complied
with with reasonable promptness under the facts in evidence,"
was likewise erroneous.

No other inference can be drawn from the record than that
the occupancy of Butts was that of a servant and that re-
spondent was a trespasser. In order to justify the use of
force in ejecting a trespasser from premises where he entered
peaceably it must be shown that he was first requested to
depart, and either that he refused to or did not comply with
the request after being allowed a reasonable time to do so.
(2 R. C. L., 557, sec. 36; 5 C. J. 634, sec. 29; 3 Cyc. 1045;
*Emmons v. Quade,* 176 Mo. 22, 75 S. W. 103; *Parrish v.
State,* 32 Tex. Cr. 583, 25 S. W. 420; *The King v. Howard,*
1 Hawaii, 66; *Redfield v. Redfield,* 75 Iowa, 435, 39 N. W.
688; *Breitenbach v. Trowbridge,* 64 Mich. 393, 8 Am. St. 829,
31 N. W. 402.) There is, however, evidence in the record
sufficient to have warranted the jury in finding that respond-
ent refused to leave at all. Appellant was therefore entitled
to the instruction that if respondent refused to leave upon
demand, appellant had a right to eject him, using no more
force than was reasonably necessary. When a trespasser re-
fuses to leave the premises, or defiantly stands his ground
armed with a deadly weapon, the occupant may at once resort
to physical force to remove him. (*State v. Davis,* 80 N. C.
351, 30 Am. Rep. 86; *Shain v. Markham,* 4 J. J. Marsh.
(Ky.) 578, 20 Am. Dec. 232; *Morgan v. Durfee,* 69 Mo. 469,
33 Am. Rep. 508; *Watson v. Hastings,* 1 Penne. (Del.) 47,

39 Atl. 587; *Woodman v. Howell,* ·45 Ill. 367, 92 Am. Dec. 221; *Breitenbach v. Trowbridge, supra; Redfield v. Redfield, supra.*) This, of course, is subject to the qualification of reasonableness, and that there can be no killing of the trespasser unless necessary in self-defense or to prevent a felony. (*State v. Dixon,* 7 Ida. 518, 63 Pac. 801.)

The court did not err in refusing to give the instruction set forth in the fourth assignment of error. Appellant cites no authorities, and none have been found which go to the extent of holding that if a private person arrests another for a criminal offense committed in his presence, and thereafter releases him from custody upon an agreement that if the latter should not be turned over to a peace officer he would not return to the former's premises, such release would alone preclude a recovery for any assault or battery committed in making the arrest.

The judgment is reversed and a new trial granted. Costs are awarded to appellants.

Morgan and Rice, JJ., concur.