### KELLY v. DELAWARE RIVER JOINT COMMISSION et al.

#### Civ. A. No. 9303.

United States District Court
E. D. Pennsylvania.
July 15, 1949.

16

Henry D. O'Connor, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendants Delaware River Joint Commission and J. I. Hass Co., Inc.

Philip Price (Barnes, Dechert, Price, Smith & Clark), Philadelphia, Pa., for defendant Philadelphia Transp. Co.

FOLLMER, District Judge.

Joseph A. Kelly has brought this action against The Delaware River Joint Commission, a corporation, Philadelphia Transportation Company, a corporation, and J. I. Hass Co., Inc., seeking damages for injuries allegedly sustained while "engaged in painting the portion of the bridge structure overhanging the railroad right of way, over the Delaware River, between the Cities of Philadelphia and Camden."

The sole basis of jurisdiction relied upon is that all three defendants are liable under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. There is no allegation of diversity of citizenship. The complaint after alleging the corporate existence of "The

Delaware River Joint Commission"[1] states "The Delaware River Joint Commission operates and maintains a bridge and the railroad thereon located between the City of Philadelphia in the Commonwealth of Pennsylvania, and the City of Camden in the State of New Jersey (36 P.S. § 3503) and, as such, is a common carrier by railroad engaged in commerce between the said State of Pennsylvania and State of New Jersey." As to the Philadelphia Transportation Company, paragraph 4 states that it "operates the trains owned by the Delaware River Joint Commission by agreement with the Delaware River Joint Commission." As to the status of the remaining defendant, it is alleged in paragraph 5 "J. I. Hass Co., Inc., is primarily a painting contractor, and at the time hereinafter referred to was engaged in maintaining the bridge and the right of way of said railroad property." Paragraph 6 is a general allegation that "At the time and place hereinafter referred to the defendants aforesaid were jointly engaged as common carriers by railroad in transporting passengers between the City of Philadelphia, Pennsylvania and the City of Camden, New Jersey; all performing the aforesaid necessary elements of such commerce." Paragraph 7, referring to the three defendants as being "jointly engaged in necessary elements of such commerce," enumerates elements for the Commission such as police, and for the Philadelphia Transportation Company such as watchmen and motormen, but none as to the defendant J. I. Hass Co., Inc. Paragraph 8 then alleges "The plaintiff Joseph A. Kelly was hired by J. I. Hass Co., Inc. and, at the time of the injury hereinafter complained of, was engaged in painting the portion of the bridge structure overhanging the railroad right of way, over the Delaware River, between the Cities of Philadelphia and Camden." A motion to dismiss has been filed on behalf of each of the three defendants.

There are certain fundamentals necessary for invoking the benefits of the Federal Employers' Liability Act. A defendant must have been, at the time of the occurrence of the injury, a common carrier by railroad in interstate or foreign commerce, and the injured person must have suffered such injury while he was employed by the carrier in such commerce.[2]

Plaintiff contends that the mere fact that J. I. Hass Co., Inc., a painting contractor, was engaged in painting the bridge structure overhanging the railroad right of way resulted in its being thereby jointly engaged with the other defendants in a necessary element of interstate commerce, and by reason thereof a common carrier. This does not follow. On plaintiff's theory fellow employees would be "common carriers."[3] Mere participation in interstate commerce or in assisting in maintenance of a "common carrier by railroad" does not make J. I. Hass Co., Inc., such a "common carrier by railroad."[4] Plaintiff cites Cimorelli v. New York Cent. R. Co., 6 Cir., 148 F.2d 575, as authority for his contention. In that case the precise question was not before the court. The "Construction Company" was not made a party defendant and there is no intimation in the opinion that it could have been made a party defendant as a "common carrier by railroad." No action can be maintained against J. I. Hass

---

[1] Paragraph 2 of the complaint states "The defendant, The Delaware River Joint Commission, is a Corporation organized and existing by virtue of the Act of the Commonwealth of Pennsylvania approved July 9, 1919, P.L. 814 [36 P.S. § 3421 et seq.], and of the State of New Jersey Chapter 27 of the Laws of New Jersey of 1929."

[2] 45 U.S.C.A. § 51. North Carolina Railroad Company v. Zachary, Administrator of Burgess, 232 U.S. 248, 34 S.Ct. 305, 58 L.Ed. 591, Ann.Cas.1914C, 159.

[3] Sheaf v. Minneapolis, St. P. & S. S. M. R. Co. et al., 8 Cir., 162 F.2d 110.

[4] Gaulden v. Southern Pac. Co. et al., D.C.N.D.Cal., 78 F.Supp. 651; Fort Street Union Depot Co. v. Hillen, 6 Cir., 119 F.2d 307; United States v. Brooklyn Eastern District Terminal, 249 U.S. 296, 39 S.Ct. 283, 63 L.Ed. 613, 6 A.L.R. 527; Union Stock Yard & Transit Co. v. United States et al., 308 U.S. 213, 60 S. Ct. 193, 84 L.Ed. 198.

Co., Inc., solely on the basis of the Federal Employers' Liability Act, accordingly its motion to dismiss is granted.

As to the remaining defendants, the allegations are sufficient, for the purposes of these motions, to constitute such defendants "common carriers by railroad." The fact that the distance across the bridge may be short would not prevent The Delaware River Joint Commission from being such a common carrier.[5] However, for jurisdiction to attach, more is required. The mere fact that such defendants are common carriers is not enough. The plaintiff must have been injured while employed by such defendant or defendants. Under a proper state of facts an employee of an agent of a "carrier" may be an employee of the carrier and covered by the provisions of the Federal Employers' Liability Act.[6] Apropos here is the court's statement in Cimorelli v. New York Cent. R. Co., supra, as follows [148 F.2d 577]: "The words used in this section are to be construed in the natural sense and describe the conventional relationship of employer and employee. Hull v. Philadelphia & Reading R. Co., 252 U.S. 475, 40 S.Ct. 358, 64 L.Ed. 670. And so the first question here is whether appellee, for whom the work was being done, had given up its proprietorship of the particular business to the Duffy Construction Company and had thus divested itself of the right of control, to the extent that it had no longer a legal right to terminate the work or to direct it. If appellee had done nothing to limit its rights with regard to the business which was being done for its benefit, but had retained its proprietorship of it, each person working for the Duffy Construction Company was legally subject to appellee's control while so engaged and was the employee of appellee. Singer Mfg. Co. v. Rahn, 132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440; Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480."

The only allegation of employer-employee relationship in the complaint now before us is that Kelly was employed by the painting contractor, J. I. Hass Co., Inc. There is no allegation of any relationship between J. I. Hass Co., Inc., and either of the two defendants alleged to be "common carriers" except that they were all "jointly" engaged. There is no allegation that there was any employer-employee relationship between plaintiff and either of the two "common carrier" defendants. No suit can be entertained against the "common carrier" if the injury is sustained by an employee of an independent contractor.[7] We have therefore a failure to state a claim within the jurisdiction of this Court under the provisions of the Federal Employers' Liability Act. Plaintiff has not sought to amend his complaint.

The motions to dismiss filed on behalf of The Delaware River Joint Commission, a corporation, and Philadelphia Transportation Company, a corporation, must therefore be granted. The complaint is dismissed as to all three of the defendants.

[5] United States v. Brooklyn Eastern District Terminal, supra, 249 U.S. at page 305, 39 S.Ct. 283, 63 L.Ed. 613, 6 A.L.R. 527.

[6] Stanfield v. Penna. Railroad Co. (D.C.E.D.Pa. Civil Action No. 7386, filed April 8, 1948, unreported); Gaulden v. Southern Pac. Co. et al., supra; Pennsylvania R. Co. v. Roth, 6 Cir., 163 F.2d 161.

[7] Chicago, Rock Island & Pacific Railway Company v. Bond, Administrator of Turner, 240 U.S. 449, 36 S.Ct. 403, 60 L.Ed. 735; Gaulden v. Southern Pac. Co. et al., supra; Pennsylvania R. Co. v. Roth, supra; Cimorelli v. New York Cent. R. Co., supra.