**KELLY v. DELAWARE RIVER JOINT COMMISSION et al.**

No. 10297.

United States Court of Appeals
Third Circuit.

Argued Dec. 7, 1950.

Filed Jan. 26, 1951.

Rehearing Denied Feb. 22, 1951.

Henry D. O'Connor, Philadelphia, Pa. (Joseph W. O'Connor, Edward A. O'Neill, Francis J. McLaughlin, Philadelphia, Pa., on the brief), for appellant.

Herbert A. Barton, Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa., on the brief), for appellees Delaware River Joint Commission and J. I. Hass Co.

Philip Price, Philadelphia, Pa. (Jay B. Leopold, Philadelphia, Pa., on the brief), for appellee Philadelphia Transp. Co.

———◆———

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The case at bar presents a question of pleading. The plaintiff filed his com-

plaint on January 21, 1949, alleging that he had suffered injuries while working on the Delaware River Bridge and seeking damages. The Philadelphia Transportation Company filed a motion to dismiss the complaint on February 15, 1949, and J. I. Hass Co., Inc., and The Delaware River Joint Commission filed similar motions six days later. On July 18, 1949 the court below dismissed the complaint as to all three defendants for the reasons stated in D.C. 85 F.Supp. 15. The judgment thus achieved was a final and appealable one but no appeal was taken.

The plaintiff did nothing until May 16, 1950 when, despite the fact that the suit had been dismissed, he filed a motion to require the production of certain documents in an attempt to ascertain the status of the operators of the bridge railway. The Transportation Company filed an answer to this motion on June 13 and on that day the plaintiff moved under Rule 15(a), Fed. Rules Civ.Proc. 28 U.S.C.A. for leave to file an amended complaint.[1] The proposed amendment did not accompany the motion. On August 10, 1950 the court below denied the motion for leave to file an amended complaint holding that while a motion to dismiss is not a responsive pleading within Rule 15(a) nonetheless it was not intended that a plaintiff should have the right to amend without limit of time after a judgment of dismissal. The court, holding mistakenly that Rule 60(b) supplied a six months' period of limitation instead of one year, concluded that it should not exercise its "discretionary power" to permit the amendment after the lapse of the six months' period, citing Kroell v. New York Ambassador, 2 Cir., 108 F.2d 294.[2] The appeal followed.

The plaintiff points out that Rule 15(a) on its face sets up no period of limitation. He takes the position that an amendment therefore may be effected under the rule at any time before the first responsive pleading. The defendants contend that no amendment under Rule 15(a) is permissible after a final judgment. An analogy is supplied by judgment for the defendant on a demurrer at common law where the plaintiff was not permitted to plead over and his suit was forever lost. The defendants endeavor to support this position on the ground that the Federal Rules of Civil Procedure have given such a wide range of weapons to a plaintiff that amendments may not be made after judgment except under Rules 59(e) and 60(b). The plaintiff, as we have indicated, does not invoke these rules.

The case at bar is close, save in one respect, to United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453, 454. In those cases appeals had been taken within the time prescribed by law from judgments of dismissal. In the instant case the appeal is not from the judgment of dismissal but from the order of the court below refusing to permit the plaintiff to amend his complaint nearly eleven months after final judgment. The judgment did not expressly reserve leave to the plaintiff to amend his complaint. The situation presented by the operative facts in the instant case is indeed an anomalous one.

We agree with the Court of Appeals for the First Circuit in the Newbury cases that a motion to dismiss is not a responsive pleading and that, therefore, if the provision of Rule 15(a), "at any time before a responsive pleading is served", be construed literally the plaintiff could amend his motion under Rule 15(a). We also agree with the First Circuit that a construction of Rule 15(a) which would permit amendment until the end of time is a most implausible one for there could never be an end to a litgation or to the cloud created by a *lis pendens*. We conclude also that there is some discretionary power in a United States District Court to vacate or set aside a judgment of dismissal within the period of time prescribed by Rule 59(b) and (e), ten days, or by Rule

1. The plaintiff apparently delayed taking action in the instant case while awaiting the disposition of an appeal that he had taken to the Supreme Court of Pennsylvania in a common law action commenced in the Court of Common Pleas of Philadelphia County based upon the same injuries.

2. No opinion was reported for publication.

60(b), one year.[3]  To hold otherwise would be to put a plaintiff in the position he was in at common law when a demurrer to his *narr* had been sustained.  We think that the framers of the Rules of Civil Procedure did not contemplate such a result.

In the instant case, as we have pointed out, the court below inadvertently made use of the six months limitation contained in Rule 60(b) as it existed prior to the 1948 amendment, instead of the one year period of limitation now prescribed. If the granting of an amendment was to be rested on the trial court's discretion perhaps we should remand the case to the court below for further consideration. But the plaintiff insists that he is entitled to the amendment not as an exercise of discretion but as of right.  He has made this plain not only in his brief and by oral argument but also because he has put nothing before the  court below on which its discretion might operate.  He has filed a naked motion to amend.  Since the plaintiff is not entitled to amend as a matter of right and since he has supplied no field in which the court below properly could have exercised its discretionary power, the judgment will be affirmed.

---

3.  See Moore Federal Practice, Second Ed., Vol. 3, pp. 825–826.