## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40623

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 568 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 16, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL D. CORNELSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge; Hon. Penny E. Friedlander, Magistrate.

Decision, on intermediate appeal, affirming judgment of conviction for battery, affirmed.

John M. Adams, Kootenai County Public Defender; Jay Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Michael D. Cornelsen appeals from the decision of the district court, on intermediate appeal, affirming his judgment of conviction after a magistrate found Cornelsen guilty of battery. Specifically, Cornelsen contends the district court erred because there was insufficient evidence to support the magistrate's finding of guilt. For the reasons that follow, we affirm.

### I.

### FACTS AND PROCEDURE

Cornelsen dislocated his right shoulder and visited a hospital in Coeur d'Alene. After Cornelsen completed the registration paperwork, he waited in the hospital's emergency room waiting room. A security guard employed by the hospital walked through the waiting room and saw Cornelsen talking to a lady, loudly swearing with an angry demeanor. Approximately twenty minutes later, the security guard made his rounds toward the waiting room when he heard

1

someone yelling. The security guard went to where the noise was coming from, the waiting room, and saw Cornelsen yelling. As the security guard approached Cornelsen, he identified himself as security and told Cornelsen that he needed to get out of the hospital. The security guard testified that he told Cornelsen to leave because Cornelsen was "very agitated and I had no idea what he was gonna do next, whether he was gonna pick up somethin' and start swingin' it at people, I had no idea." Cornelsen refused to leave and swore at the security guard. According to an employee working the emergency room registration desk, the security guard asked Cornelsen to leave three times; Cornelsen refused each time with an expletive.

The security guard also warned Cornelsen that if Cornelsen did not leave, he would physically remove him, and Cornelsen swore in retort. The security guard attempted to reach for Cornelsen's left hand, but Cornelsen hit the security guard's hand away. Finally, the security guard grabbed Cornelsen's left arm, put Cornelsen's left arm behind Cornelsen's back, and the security guard placed his hand on Cornelsen's right shoulder and started to escort Cornelsen out of the waiting room. The security guard escorted Cornelsen out of the waiting room and through the first of two sliding glass doors leading to the outside of the hospital when Cornelsen kicked the security guard, as witnessed by the registration desk employee. Cornelsen was eventually escorted outside, allowed to re-enter the waiting room, removed again, which resulted in another altercation, and then allowed into the emergency room "quiet room."

A Coeur d'Alene Police Department officer interviewed Cornelsen, the security guard, and other witnesses at the hospital. Cornelsen was then issued a misdemeanor citation by the officer. At trial, the defense claimed that if Cornelsen did kick the security guard, the kick was done in self-defense. The magistrate found Cornelsen guilty of battery. Cornelsen appealed to the district court, contending there was insufficient evidence to support the magistrate's finding of guilt. The district court affirmed. Cornelsen appeals.

## II.

## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow

2

therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). In addition, implied factual findings that support a lower court's determination will be upheld if they are supported by substantial evidence. *See State v.* Schevers, 132 Idaho 786, 788, 979 P.2d 659, 661 (Ct. App. 1999). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Cornelsen characterizes his argument as one challenging the sufficiency of the evidence supporting his battery conviction on the basis that there was insufficient evidence adduced by the State to counter Cornelsen's assertion of self-defense. The heart of the argument is addressed in Cornelsen's reply brief and queries whether there exists "a right to self defense . . . for a trespasser."

Self-defense is a recognized defense to the charge of battery in Idaho. *See generally* I.C. §§ 19-201, 19-202, and 19-202A. The criminal jury instruction on self-defense enumerates what must be proven to find that a defendant acted in self-defense: (1) the defendant must have believed that the defendant was in imminent danger of bodily harm; (2) the defendant must have

believed that the action the defendant took was necessary to save the defendant from the danger presented; (3) a reasonable person, under similar circumstances, would have believed that the defendant was in imminent danger of bodily injury and believed that the action taken was necessary; and (4) the defendant must have acted only in response to that danger and not for some other motivation. Idaho Criminal Jury Instruction 1517. The burden of production is on the defendant (who must "assert" self-defense) to make a prima facie defense. *State v. Camp*, 134 Idaho 662, 666 n.2, 8 P.3d 657, 661 n.2 (Ct. App. 2000). The burden is then on the prosecution to prove beyond a reasonable doubt that the defendant has not established self-defense. I.C.J.I. 1517. That is, when the self-defense jury instruction is utilized, the State must prove beyond a reasonable doubt that at least one of the elements of defense was not established by the evidence.

Idaho's statutes recognize that a person may act in self-defense and not "be placed in legal jeopardy of any kind whatsoever for protecting himself." I.C. § 19-202A. Idaho Code § 19-202 elaborates on the concept of self-defense:

> Resistance sufficient to prevent the *offense* may be made by the party about to be injured:
> 1. To prevent an *offense* against his person, or his family, or some member thereof.
> 2. To prevent an illegal attempt by force to take or injure property in his lawful possession.

(Emphasis added.)

In addition, our case law recognizes that a landowner or landowner's agent may use reasonable force to eject a trespasser, including physical force, when the trespasser refuses to depart or does not leave within a reasonable time after being asked to leave. *Cornell v. Harris*, 60 Idaho 87, 94, 88 P.2d 498, 500-01 (1939) ("The general rule is that the owner or one rightfully in possession of premises may, after requesting one who is illegally creating a disturbance therein to desist or leave, eject him resorting to force but using no more than is reasonably necessary . . . ."); *Tipsword v. Potter*, 31 Idaho 509, 513, 174 P. 133, 134 (1918) ("In order to justify the use of force in ejecting a trespasser from premises where he entered peaceably it must be shown that he was first requested to depart, and either that he refused to or did not comply with the request after being allowed a reasonable time to do so."). In a criminal context, a person trespasses, for instance, when they are notified, in writing or are verbally told,

4

"by the owner or authorized agent of the owner of real property, to immediately depart from the same and who refuses to so depart." I.C. § 18-7008(A)(8).

Cornelsen contends that the law as it stands "is that while a citizen may use reasonable force against a lawbreaker without himself breaking the law, that lawbreaker will be allowed to reasonably respond in kind without further violating the law, with the exception of dealings with the police." Instead of the quagmire Cornelsen suggests--allowing a trespasser to use reasonable force against a landowner or agent *already and lawfully using* reasonable force to eject the trespasser--we hold that the law in Idaho allows the trespasser to use reasonable force in response only when the landowner or landowner's agent uses force *beyond* that reasonably necessary to eject the trespasser. *Cf. State v. Wren*, 115 Idaho 618, 627, 768 P.2d 1351, 1360 (Ct. App. 1989) ("On the other hand, if the officers initiated the violence, or used excessive force, Wren would have been entitled to protect himself."). That is, the trespasser cannot claim self-defense in the trespasser's actions responding to the landowner or landowner's agent's reasonable force because the landowner or landowner's agent is privileged in his action of using reasonable force to eject the trespasser. It is only when the landowner or landowner's agent responds with force beyond that reasonably necessary to eject the trespasser that a trespasser may claim self-defense for actions taken by the trespasser in response. Whether the force used by the landowner or landowner's agent is reasonable is a determination for the trier of fact. *See State v. Spurr*, 114 Idaho 277, 279, 755 P.2d 1315, 1317 (Ct. App. 1988).

In this case, a security guard with at least implied agency authority, *Bailey v. Ness*, 109 Idaho 495, 497, 708 P.2d 900, 902 (1985), asked Cornelsen to leave. Cornelsen refused at least three times. Because Cornelsen refused these verbal requests, he became a trespasser on the property under Idaho Code § 18-7008(A)(8). The hospital's agent, the security guard, was thus allowed to use reasonable force to eject Cornelsen, a trespasser. The implicit finding of the magistrate that the security guard used reasonable force to remove Cornelsen is supported by substantial evidence. The evidence demonstrates that the security guard applied force to Cornelsen by placing Cornelsen's left arm--Cornelsen's uninjured side--behind Cornelsen's back and applied minimal force with his hand to Cornelsen's injured right shoulder to direct Cornelsen through the doors and outside the hospital. Accordingly, the security guard's use of force was reasonable, and Cornelsen cannot claim self-defense for the action that Cornelsen took by kicking the security guard.

5

Our narrow holding is in line with the plain language of Idaho Code § 19-202. The language recognizes self-defense when the person resists an *offense*. As the Colorado Supreme Court recognized when analyzing its self-defense statute and trespassers, certain "scenarios suggest that trespassers do not forfeit their rights to self-defense merely by the act of trespassing." *People v. Toler*, 9 P.3d 341, 352 (Colo. 2000). Here, there is no offense to the trespasser when the landowner or agent uses reasonable force to eject the trespasser because the landowner is privileged to use such force.

## IV.

## CONCLUSION

We conclude that the magistrate's determination of guilt for Cornelsen's charge of battery is supported by substantial evidence. Accordingly, we affirm the district court's decision, on intermediate appeal, affirming Cornelsen's judgment of conviction for battery.

Judge GRATTON and Judge MELANSON **CONCUR.**