### HENRY E. DAY *vs.* ALEXANDER ROSS.

Norfolk. November 20, 1890. — May 20, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Assault and Battery — Evidence — Reputation.*

In an action for assault and battery, a witness was asked, against the plaintiff's objection, whether the defendant was "a thoroughly peaceable man as far as you know," and he was permitted to answer, "As far as I know; I never heard of his making any assault before." *Held*, that the plaintiff had good ground of exception.

At the trial of an action for assault and battery, there was evidence that, upon a dispute arising between the parties, the defendant ordered the plaintiff to leave his office, and he did so; that the plaintiff soon attempted to re-enter the office, and the alleged assault was then committed; and that the plaintiff's purpose in returning related to another matter of business. The presiding judge instructed the jury that the secret purpose of the plaintiff in returning should not bear upon the defendant's conduct, unless he knew or had reason to know that the return of the plaintiff was for a purpose other than that for which he was originally there. *Held*, that the instruction was correct.

TORT for an assault and battery. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence that the plaintiff, who was in the defendant's employ, went to the defendant's office where a dispute arose respecting the amount due the plaintiff for work done for the defendant; and that the defendant ordered the plaintiff to leave the office, whereupon he left. The plaintiff testified that after leaving the office it occurred to him that he had a bill against the defendant for certain hay, and that upon his returning to the defendant's office for the purpose of demanding pay-

ment of this bill, he was struck by the defendant. A witness for the plaintiff testified, on cross-examination, that he knew the defendant very well. He was then asked, against the plaintiff's objection, " Is Mr. Ross a thoroughly peaceable man as far as you know?" and he was permitted to answer, " As far as I know; I never heard of his making any assault before "; and the plaintiff excepted.

The judge instructed the jury, among other things, " that the secret purpose of the plaintiff to return to the store for the sake of getting payment of his hay bill, he having been ordered out, is not to bear upon the conduct which the defendant should exercise toward the plaintiff, unless the defendant knew, or had reason to know or believe, that the return of the plaintiff was for a purpose other than that for which he was originally there."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Everett*, for the plaintiff.

*H. E. Fales*, for the defendant.

W. ALLEN, J. A witness for the plaintiff testified, on examination by the defendant, that he knew the defendant very well. He was then asked the question, " Is Mr. Ross a thoroughly peaceable man as far as you know?" This question was objected to and admitted; the answer was, " As far as I know; I never heard of his making any assault before." It is clearly incompetent for a defendant in an action of tort for assault and battery to prove in defence his good character as a peaceable man. It is said that the plaintiff was not aggrieved by the admission of the question, because the answer was not evidence of the character of the defendant, and only showed that the witness had no knowledge on the subject. But the evidence was competent to prove character. Character is proved by reputation, and evidence that those who have known a man in the community never heard anything against his reputation as a peaceable man is evidence of good reputation in that respect. In the absence of particular objection and of further inquiry, the answer would have been competent had it been competent for the defendant to prove his good character.

Upon the evidence that the plaintiff went to the defendant's office, and that a dispute arose between them upon a matter of

business, that the plaintiff was ordered to leave the office and left, and that upon his soon attempting to re-enter the office the alleged assault was committed, and that his purpose in returning related to another matter of business, the instruction that the secret purpose of the plaintiff in returning should not bear upon the defendant's conduct unless he knew or had reason to believe that the return of the plaintiff was for a purpose other than that for which he was originally there was correct.   The unmanifested thoughts of the plaintiff could not affect the character of the defendant's acts.          *Exceptions sustained.*