John McNally, Appellant, v. Hiram Arnold and Charles Sherrill.

**Sheriffs:** PRISONERS: ENFORCEMENT OF ORDER. It is the duty of a 1 sheriff to enforce order and to prevent the use of vulgar, profane and abusive language, by one under arrest, to the disturbance of those in the vicinity, and he may use reasonable and sufficient force to accomplish such purpose and to prevent continued violation of his orders in that regard.

**Disorderly conduct:** PUNISHMENT. Where there is a conflict in 2 the evidence as to the extent and seriousness of punishment for disorderly conduct inflicted by officials upon one under arrest, the question of whether the punishment was justified is for the jury.

*Appeal from Jones District Court.*— Hon. W. G. Thompson, Judge.

Thursday, May 4, 1905.

Action to recover damages against defendants for personal injuries inflicted on plaintiff while plaintiff was under arrest, in the custody of defendants as sheriff and deputy. There were a verdict and judgment for the defendants, and plaintiff appeals.— *Affirmed.*

*Welch & Welch,* for appellant.

*Cash & Rhinehart* and *Park Chamberlain,* for appellees.

McClain, J.— Plaintiff was arrested for intoxication, and placed in the charge of defendant Sherrill, a deputy sheriff; and while in the sheriff's office, which was a connecting room between the jail, on one side, and the sheriff's family residence, on the other, he was, as it appears, more or less severely beaten by the defendants. The justification relied on by the defendants was that plaintiff was boisterous and disorderly, and made use of vile, indecent, and profane language in the presence of the women of defendant's family, and that the beating inflicted upon him was solely to enforce and maintain order and discipline in the jail, and was not unreasonable, unnecessary, or unusual. There is a conflict in the evidence as to the extent of the beating, and as to whether any serious injury was inflicted. But the whole matter was for the jury, and there is no occasion for us to interfere unless some error of law was committed in the trial of the case.

2. Disorderly conduct: punishment.

Complaint is made of the instructions, but, without extending this opinion by unnecessarily setting them out at length, it is sufficient to say that the instruction which, as it is complained, required plaintiff to prove that the acts of defendants were malicious and willful, had reference only to exemplary damages, and plaintiff has no ground to complain, inasmuch as he did not recover a verdict for even actual damages.

As to another instruction, it is contended that it was

erroneous because it justified a beating of plaintiff for the mere use of abusive language, and thus violated the well-known rule that mere language will not justify an assault. But the instruction in fact was that if plaintiff, while in defendants' custody, became violent, and used loud, vulgar, profane, and abusive language, so as to disturb defendants and others in the vicinity, and refused to desist when requested, it was the duty of the defendants, as officers, to enforce order and prevent the continuance of plaintiff's disturbance and disorderly conduct, and to use reasonable and sufficient force to accomplish the purpose. There can be no doubt about the correctness of the principle of law thus embodied in the instruction, and there was no error in giving it. It is urged that, in connection with the statement of this correct rule, the court improperly referred to the question as to the amount of force which might be used by officers in overcoming resistance, but the evidence certainly tended to show that the plaintiff was resisting the authority and commands of the officers with reference to maintaining quiet and good order in the jail, and the instruction was not objectionable as referring to that matter.

*1. Sheriffs: prisoners; enforcement of order.*

Another instruction is complained of because, as it is claimed, it authorizes the use of necessary and reasonable force, and the infliction of reasonable injury upon a prisoner, to prevent continuance in the use of violent and abusive language. We think it is not a debatable proposition that when a prisoner is under arrest the officer may use reasonable force for the purpose of preventing him from keeping up an uproar and disturbing people in the vicinity by the use of violent and abusive language, and we are satisfied that the instruction was correct.

No other errors are claimed by counsel for appellant, and the judgment is therefore *affirmed*.