W. A. PHELPS, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellees.

Assault and battery: CIVIL ACTION: EVIDENCE: DISPOSITION OF
1 ASSAILANT: PREJUDICE.  Where there were eyewitnesses who testified to an alleged assault and battery the plaintiff cannot show the character and disposition of his assailant with reference

to his being a quarrelsome or peaceable man, in a civil action for damages; and the rule is not changed by reason of the fact that the assailant died before the trial. The evidence in the instant case, while erroneously admitted, was favorable to the appellant and therefore not prejudicial to him.

**Same:** SUBMISSION OF ISSUES: BURDEN OF PROOF. Where the plaintiff alleged that the assault was committed without excuse or provocation, which was met by a general denial, and the court in stating the issues followed the language of the petition, plaintiff could not complain of an instruction that the burden was on him to prove his alleged cause of action by a preponderance of the evidence, on the theory that it required him to negative justification or excuse.

**Same:** RAILROADS: PASSENGERS: USE OF FORCE: INSTRUCTIONS. The conductor of a train may use such force as is reasonably necessary in the discharge of his duty respecting the conduct of passengers; but in using greater force than reasonably necessary for the purpose he will be liable for assault. The instructions in the instant case are upheld.

**Same:** INSTRUCTIONS. Prejudice cannot be predicated on the refusal of an instruction, the thought of which is embodied in the charge given by the court on its own motion; and in the present case refusal to charge that passengers are entitled to the courtesy and protection of the officers in charge of the train, whether they are complying with the rules of the company or not was properly refused, as not a correct statement of the law.

**New trial:** MISCONDUCT IN ARGUMENT. A statement of counsel in argument that defendant, a railway company, was wealthy and worth millions was improper; but where the court immediately upon objection to the statement told the jury that it was based upon no evidence, was improper and should not be considered, and in the same connection stated that the filing of an answer by the defendant was not evidence of bad faith, no reversible error resulted therefrom.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

FRIDAY, NOVEMBER 14, 1913.

ACTION to recover damages for an alleged assault and battery committed by a conductor in charge of one of de-

fendant's trains.   From a verdict and judgment for defendant, plaintiff appeals.—*Affirmed.*

*Robert Brooke* and *Ranck & Messer,* for appellant.

*F. W. Sargent, Robt. J. Bannister* and *J. H. Johnson,* for appellee.

WITHROW, J.—Appellant on July 11, 1910, purchased a ticket for transportation over the line of the appellee from Cedar Rapids to Independence.   He boarded the train at Cedar Rapids.   The seating accommodation being inadequate for all passengers, he, with others, went to the rear platform, where, as averred, he was required to remain for want of a seat.   After the train left Cedar Rapids he and another passenger were sitting on the top step of the rear platform, when the conductor came and demanded tickets.   Plaintiff charges that upon such demand being made he exhibited his ticket to Independence, and stated that he would surrender it when furnished a seat.   He charges that, after taking tickets from the other passengers on the rear platform, without warning, excuse, provocation or justification, the conductor wantonly and maliciously assaulted him, while appellant was sitting on the step.   Appellant claims that he gave to the conductor no excuse for such assault.   As a result of such assault and battery, appellant states that he sustained injuries, for which damages were asked.   The answer of the appellee was a general denial.   Upon a trial to a jury verdict was rendered in favor of the defendant, and judgment for costs was entered against plaintiff, from which he appeals.

The evidence introduced on the part of the appellant tended to establish the charge made by him.   It is shown that after appellant had demanded a seat before delivering his ticket the conductor told the appellant to come inside, and he would secure him a seat if he had to have some lady give up

hers. After this remark, upon the refusal of the appellant to get up and go into the car, it is claimed the assault was made by the conductor, resulting in injuries, which under the testimony varied from slight to severe. There was dispute in the evidence as to whether appellant by his manner and conduct at the time was acting in an insolent or peaceable manner, and also as to the manner and extent of the alleged assault and the injury. Without fully setting it out, it was of such character and in such dispute as to the particular circumstances immediately surrounding the alleged assault that it became a question of fact to determine liability, and this was properly submitted to the jury.

I. Over the objections of the appellant, evidence was introduced on the part of the defendant as to the disposition of the conductor as a quarrelsome or peaceable man. Such is now assigned as error. On the part of the appellee, it is claimed that, as the conductor had died prior to the time of the trial, and his own testimony, and his appearance and manner as bearing upon its weight, could not be presented to the jury, the evidence introduced was competent as secondary, or the best evidence obtainable. The authorities and better reason do not support this claim. In a civil action for an assault, or for an assault and battery, the character or disposition of the defendant as a peaceable man may not be shown by the defense. *Vance v. Richardson,* 110 Cal. 414 (42 Pac. 909) ; *Day v. Ross,* 154 Mass. 13 (27 N. E. 676) ; *Treschman v. Treschman,* 28 Ind. App. 206 (61 N. E. 961) ; *Givens v. Bradley,* 3 Bibb (Ky.) 192 (6 Am. Dec. 646) ; *Hall v. Rankin,* 87 Iowa, 261. Had the conductor been living at the time of the trial, testimony of this character could not properly have been received. His death could not serve as a cause why the rule should not apply in an action against his principals, unless, for the reason claimed by the appellee, another rule should govern the case.

1. ASSAULT AND BATTERY : civil action : evidence : disposition of assailant : prejudice.

The proposition is in many respects analogous to those in claims for damages based upon negligence, which results in death, when, in the absence of proof of eyewitnesses, the presumption of want of negligence arises based upon the instinct of self-preservation, or when proof of habits or custom may be shown as bearing upon the question of the exercise by the decedent of reasonable care. In the present case the facts and circumstances surrounding the alleged assault were fully shown, and nothing could properly be left to inference or presumption. Were it a case where the evidence was silent as to the acts of the conductor at the immediate time of which complaint is made, there would be more force in the claim; but, in the line of what we conclude to be the governing rule, evidence of character or disposition is not admissible on the part of the defendant, either by or for himself, or one jointly liable with him, when there is no doubt that there were eyewitnesses who testify to the transaction.

It is claimed, however, that, even should the rule be applied as we here announce it, no prejudice resulted to the appellant from its introduction, for the reason that the answers were of such nature as to be without prejudice. The only witness who testified as to the character of the conductor as a peaceable man said, "So far as I personally had any dealings with him, I found him very pleasant to get along with." "In his dealings with the public he was strict in regard to anything in connection with the train or tickets." He was not quarrelsome, nor addicted to having quarrels or trouble with the passengers, "unless they refused their transportation or did not carry themselves right on the train." "I never had any complaint of him being particularly rough nor worse than any other conductor." This is all the testimony upon the subject of the disposition of the conductor. It must be evident from reading it that whatever advantage resulted from its introduction must have been with the appellant, as its entire tendency was to show that under circumstances such as are relied upon by the appellant for recov-

ery the conductor was inclined to be other than entirely peaceable and quiet. While the testimony was erroneously admitted, there was no prejudice.

II. In his petition the plaintiff charged that the assault was committed by the conductor without excuse, provocation, or justification. In stating the issues to the jury, the

2. SAME: submission of issues: burden of proof.

trial court copied the substance of the petition, including the averment above noted, and in a following instruction, No. 3, charged thereon that the burden of proof was upon the plaintiff to establish his alleged cause of action by a preponderance of the evidence. The answer was a general denial, without any averment of excuse or justification. Whatever evidence may have been introduced, either in direct or cross examination, which tended to show excuse or justification was, so far as is shown by the record before us, entirely without objection to its competency or relevancy. The point of the objection of appellant to instructions No. 1, the statement of the issues, and No. 3, as to the burden of proof, is that they required a greater degree of proof than was necessary to plaintiff's recovery, as, by the statement of plaintiff's plea that the act was without justification or excuse, the burden of proof, although stated in general terms, was placed upon him to negative such facts. The trial court adopted plaintiff's claim, as it had the right to do, in stating the issues. It could not have said less as to the burden of proof, and have correctly stated the law, and, as appellant made no request for an instruction limiting or withdrawing that particular claim in his petition, he is not now in a position to claim error.

III. Instruction No. 5 is criticized as being harsh. In the argument appellant's counsel say: "Even conceding that such was not error, it certainly is not the law that a conductor may employ force, even in the accomplishment of a lawful act, in any manner he may see fit." Counsel have apparently overlooked that clause of the instruction which stated the right to eject a passenger—"the conductor would have the

right to stop the train and put the plaintiff off, using no more force, however, than was necessary." We see no good grounds for the particular criticism.

IV. The trial court instructed the jury that the defendant claimed that "under the rule govering the operation of its trains passengers were not allowed to ride upon the platform, and that, if the act of the conductor were simply an effort on his part to get the plaintiff inside in order to get him a seat, or in order to get him off the platform, and if in so doing he used no more force than was necessary for such purpose, then the defendant would not be liable." It is urged by the appellant that, even though it be conceded that the conductor had the right to use force in accomplishing the purpose stated in the instruction, still the instruction was erroneous in that the jury should have been told that he could not use more force than was reasonably necessary.

It is well settled that one who is in the discharge of a duty, or in the protection of property, or in the performance of some act which he has the right to perform, may when force is required use such force as is reasonably necessary to enable him to carry out his lawful purpose. The rule is so well established that citation of authorities is almost unnecessary; but, as having application to the present case, we cite: *Keller v. Lewis,* 116 Iowa, 369; *McNally v. Arnold,* 127 Iowa, 437. Whether it be in the exercise of self-defense, or in the discharge of some official or protective duty where force is permitted, the rule is the same.

3. SAME: railroads: passengers: use of force: instructions.

Whatever may be the language in which the idea of the right may be expressed, it must ultimately be resolved into the statement that if one has the right to do a particular thing, and force is required, he may exercise the degree of force necessary to accomplish the result. If a greater degree of force is used than is necessary for its consequences he will be liable. The particular language of the instruction which is criticized is, "but you are instructed that the conductor

would not have the right to use any more force than was necessary,'' etc. If necessary, it would under the law be reasonable to exercise such degree of force as would serve the requirements of the moment. An exercise of more than necessary force would be unreasonable, for which there would be liability. The instruction was a statement of what the conductor had not the right to do, rather than the fixing of a limit up to which he might go. It is not made to depend upon what to the conductor may have seemed reasonably necessary, but upon the legal right to use necessary force, and no more. We think the instruction when fairly considered is not subject to the objection lodged against it.

V. The objection to the instruction as to the measure of damages is not well founded. We find in it nothing that merits criticism.

VI. Appellant requested the giving of two instructions, which were refused, and lodges error because of the refusal of the trial court. Both of them related to the rights of a

4. SAME: instructions.

passenger upon a railroad train; but neither was a correct statement of the law in its entirety, as applied to the controverted facts. While the rule stated in request No. 1 was correct as an abstract proposition, it being in substance that, if plaintiff was not disorderly, the conductor had no right to forcibly take hold of or assault him, it omitted other elements necessary to a proper presentation of the question to the jury. The idea of the instruction was included in instruction No. 5, given by the court, and no prejudice resulted from the refusal.

No. 2, as requested, stated that ''passengers are entitled to the courtesy and protection of the officers in charge of a passenger train, whether they are complying with all the rules of the company or not.'' Without authority which requires us to so do, we are not willing to adopt that as a correct proposition of law.

VII. During the final argument to the jury counsel for appellant commented upon the fact that the defendant cor-

poration was wealthy, worth millions. Exception being taken, the trial court ruled that the argument was based upon no proven fact, that it was improper, and that the jury should not consider

5. NEW TRIAL: misconduct in argument.

it. The court further stated to the jury, in connection with the ruling, that it was no evidence of bad faith for the railroad company to file an answer. To these comments appellant excepted, and urge misconduct and improper remarks by the court.

It is a situation not unusual. Counsel in their zeal had gone farther in argument than was proper, and the trial court upon objection had criticized such argument, and had endeavored to regulate the procedure. The instruction to the jury, as it is termed by appellant, was not an instruction as to the law, contemplated by statute, but an admonition, which under the circumstances then presented it was a duty to give.

We find no error calling for a reversal, and the judgment of the lower court is *Affirmed*.

WEAVER, C. J., and LADD and GAYNOR, JJ., concurring.