C. W. BECK, Appellant, v. J. P. SCOTT et al., Appellees.

**ASSAULT AND BATTERY:** Permissible Force. "No more force
1  than a reasonably prudent man under the circumstances would think necessary," and "only such force as reasonably appears to defendant to be necessary," are practically identical in meaning.

**APPEAL AND ERROR:** Mistake in Assuming Burden of Evidence.
2  A plaintiff who mistakenly frames his pleadings and fully tries his case on the assumption that he has the burden of evidence to establish a certain fact, may not have the mistake corrected on appeal. So held where plaintiff, in an action for assault, assumed the burden of showing that defendant did *not* act in self-defense.

**PLEADING:** Waiver of Insufficiency. A pleading which has been
3  treated in the trial court as sufficient will be regarded as sufficient on appeal.

**ASSAULT AND BATTERY:** Offensive Language as Justification.
4  Offensive language will not justify an assault.

*Appeal from Ringgold District Court.*—H. G. EVANS, Judge.

FEBRUARY 17, 1919.

ACTION at law to recover damages from defendants, for assault and battery. Trial to a jury, verdict for the defendants, and judgment against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*Ferguson, Barnes & Ferguson, O. B. Hudson,* and *L. W. Laughlin,* for appellant.

*Fuller & Fuller,* and *Spence & Baird,* for appellees.

PRESTON, J.—Plaintiff and defendants are farmers. The controversy arose over the construction of a partition fence. It is alleged that, while plaintiff was peaceably constructing the fence, pursuant to the request of defendant J. P. Scott, the defendant Lorn Scott, without any provocation or excuse, upon the suggestion, advice, and order of his father, J. P. Scott, did assault plaintiff, and throw him upon the barbed wire fence, causing plaintiff painful injuries and mental anguish; that the assault was accompanied with threats to kill, and the use of vile language. The answer was a general denial; but, at the conclusion of the trial, and before the jury was instructed, the defendants, by amendment, and as a second count of their answer, alleged that all the things complained of were done in self-defense, and to protect defendants from the unlawful assault of plaintiff, and that all they did was done in reasonable self-defense of their persons, against the assaults of the plaintiff. No objection was made by plaintiff to the filing of such amendment, and it was not assailed by motion, demurrer, or otherwise, and no objection was made to the introduction of evidence by the defendants, tending to establish the assault by plaintiff and self-defense by the defendants.

1. The evidence was in such conflict that it was a question for the jury as to who first made the assault, and which was the aggressor, and whether defendants acted in self-defense. Plaintiff's testimony tends

1. ASSAULT AND BATTERY: permissible force.

to show that the defendants were the aggressors; the defendants' testimony is to the effect that, after defendant Lorn Scott called Mr. Beck, the plaintiff, a liar, plaintiff hit Lorn over the

head with a pair of pliers, and continued striking at him, when Lorn caught plaintiff and tried to hold him, to pre-vent further injury. Instruction No. 2 is complained of. The exception taken to this instruction at the trial is that, in effect, the court erroneously instructed the jury that the defendant had made out the defense of self-defense, if the evidence showed that he had used no more force than would have been used by a reasonably prudent man, in resisting the assault of plaintiff, instead of instructing the jury that the defendant would be justified in using, in self-defense, only such force as reasonably appeared to him to be necessary at the time, to protect him from imminent injury.   There is another objection to this instruction, which will be referred to later, in the order of counsel's argument.   The instruction in full follows:

"2. As to the first essential, to wit, that the defend-ant Lorn Scott wrongfully assaulted the plaintiff, you are instructed that, if you find from a preponderance of the evidence that the defendant Lorn Scott wrongfully as-saulted the plaintiff by violently and wrongfully seizing and striking him, without legal excuse or justification, then the plaintiff is entitled to recover from the defendant Lorn Scott.   In this connection, you are instructed, however, that the defendant Lorn Scott claims that the plaintiff first wrongfully assaulted him with a pair of pliers or pin-cers, and that he acted in self-defense; you are instructed that, if you find from the evidence that the plaintiff first wrongfully assaulted and struck Lorn Scott with pliers or pincers, and that Lorn Scott, for the purpose of self-defense, and to protect himself from the alleged wrongful assault of the plaintiff, resisted, then plaintiff cannot recover unless the defendant used *more force than a reasonably prudent man, under the circumstances would think necessary,* in view of all the facts and circumstances as they appeared at the time.   But, even if the plaintiff first assaulted the de-

fendant Lorn Scott, the defendant would not have a right to use *more force in repelling the assault than a reasonably prudent man would believe reasonably necessary* under the circumstances, and if the defendant Lorn Scott did use excessive and unreasonable force in repelling the alleged assault of plaintiff, then the said Lorn Scott would be liable for any damages which the evidence shows plaintiff suffered by reason of such excessive force."

The portions we have italicized, are complained of. Appellant cites *Moran v. Martinson,* 164 Iowa 712, and *Mill v. Roulliard,* 168 Iowa 162, to the proposition, as appellant states it, that the defendants were only permitted to use such force as to them then appeared reasonably necessary, to protect themselves from imminent injury, and that the test was not what another reasonable man would have thought, at the time. Appellant argues that the rule, as stated in the *Moran* case, is that:

"The right [of self-defense] arises when one has been assaulted; and he is permitted to use such force, and no more, as to him then appeared reasonably necessary, to protect himself from imminent injury."

In the *Mill* case, the instruction on self-defense was claimed to be erroneous, because it was claimed that the court instructed that the amount of force permissible was such as the defendant honestly believed was necessary, etc. The criticism was that it was not the force the defendant honestly believed was necessary, but the force that reasonably appeared to him to be necessary, etc. In some of the other instructions in that case, it was stated that defendant cannot, under the claim of self-defense, use more force than appears to him to be reasonably necessary, etc. The court held, in that case, that, in the light of the evidence, the instructions to the appellant furnished no ground of complaint, even though they departed somewhat from the language used in other cases. The argument in the instant

case is that the rule as to the amount of force one can use in making his defense depends upon what is in the mind of the person who is defending himself,—what he himself thinks,—what he himself believes,—not what somebody else might have believed, under the circumstances, reasonable or unreasonable. The defendant is not here complaining, and it seems to us that the instruction is as favorable to plaintiff as he can ask. We think the language of the instruction given is equivalent to the rule contended for by appellant. A defendant claiming self-defense may not arbitrarily claim, without any reasonable basis, that he himself thinks or believes a certain amount of force to be necessary, but he may use such force as he, as a reasonable man, under the circumstances, believes necessary, or as to him appeared reasonably necessary. We think the instruction is in harmony with the rule announced in *State v. Sterrett,* 68 Iowa 76, and other cases. Without expressly approving the precise wording of the instruction, we think there is no error at this point of which plaintiff may complain.

2. The instruction above set out is further criticized for the reason that it placed upon the plaintiff the burden of proving that the assault of the defendant Lorn Scott was not made in self-defense. The conten-

2. APPEAL AND
   ERROR: mis-
   take in assum-
   ing burden
   of evidence.

tion is that the burden was upon the defendant. Counsel for appellant cite, to sustain their proposition, the case of *Sweet v. Boyd,* (Iowa) 98 N. W. 601. The appellees argue that a defendant may, in different counts of his answer, plead inconsistent defenses, and the effect of a general denial is not nullified by the colorable confession alleged in connection with the avoidance (citing Code Section 3620; *Barr v. Hack,* 46 Iowa 308; *Rudd v. Dewey,* 121 Iowa 454). As before stated, in the instant case defendants did plead the matter of self-defense in a separate count of their answer,

and after the evidence was all in, without objection. They say, too, that where, as here, a petition is filed, claiming damages for alleged assault and battery, in which plaintiff alleges that defendants, without provocation on plaintiff's part, or any cause or excuse therefor, assaulted plaintiff, and that plaintiff was not guilty of any conduct that would justify such assault, a general denial in defendants' answer puts all the matters alleged in plaintiff's petition in issue, and before plaintiff can recover, he must show that there was no justification for defendants' alleged assault; that plaintiff was free from blame; and that defendants were not acting in self-defense (citing *Phelps v. Chicago, R. I. & P. R. Co.,* 162 Iowa 123; *Gilbert v. Baxter,* 71 Iowa 327; *State v. Morphy,* 33 Iowa 270; *State v. Porter,* 34 Iowa 131; *State v. Donahoe,* 78 Iowa 486; *State v. Shea,* 104 Iowa 724, 726).

Some of the above-mentioned cases are not assault and battery cases, and some of them are criminal cases. In a criminal case, the burden is upon the State. The plaintiff seems to have tried his case on the theory that it was necessary for him to allege and prove that there was no justification or excuse for the defendants' making the assault. He did so allege in his petition, and testified that the defendants and others came to where plaintiff was, and that defendant J. P. Scott asked plaintiff where the rock was, and the plaintiff answered that he didn't know; that thereupon, defendant Lorn Scott called plaintiff a name, threatened to kill him, and assaulted him; and that defendants came down there to lick him. The evidence for the defendant, tending to show self-defense, went in before the amendment to the answer was filed, and without objection as to its relevancy. In 16 Cyc. 926, the author, referring to the ambiguity in the phrase "burden of proof," says that this ambiguity lies in the word "proof," when used indifferently as representing either the effect of in-

troducing sufficient evidence, or the means employed or
required to obtain this result. He treats burden of proof
as meaning the necessity of establishing the existence of a
certain fact, or state of facts, by evidence which prepon-
derates, and calls it burden of evidence, where it refers
only to the necessity which rests on a party, at any par-
ticular time during a trial, to create a prima-facie case
in his own favor, or to overthrow one when created against
him. He states the general rule as to burden of proof,
properly so called, to be that whoever has the affirmative
of the issue, as determined by the pleadings, or, where
there are no pleadings, by the nature of the investigation,
has the burden of proof; and that, where a party erroneous-
ly assumes the burden of proof as to a particular allegation,
or the burden of evidence as to a particular fact, the mis-
take will not be corrected in the appellate court. It would
seem as though this was the situation in the instant case,
because of plaintiff's assuming the burden, both as to the
burden of proof and the burden of evidence, as before
indicated.

Going back, now, to some of the cases before cited. In
the *Sweet* case, cited by appellant, there was a directed
verdict in favor of defendant, at the close of all the evi-
dence. There was no question of instruction as to the
burden of proof. Mr. Justice Bishop, the writer of the
opinion, did say that an assault and battery is presump-
tively wrongful, and just cause or provocation, if such ex-
ists, is defensive, and the burden of making such appear
must rest on the defendant. It was also said that:

"Two other grounds are assigned, each of which is
based upon the thought that it was incumbent on plain-
tiff to prove, not only that an assault was made, followed
by a battery, but that such was without just cause or prov-
ocation. As to these latter grounds, we need say no more
than that, a battery thereby being, in effect, conceded, it

was not for the plaintiff to establish a want of cause or provocation."

We apprehend that the real question in that case was whether, under the evidence, there was a jury question, the court stating that:

"Who was the aggressor, who struck the first blow, who was worsted in the encounter, and, if the plaintiff, how much, if at all, he was damaged, were questions which, we think, should have been answered by the jury."

No reference is made to the pleadings, either for plain-tiff or defendant, in the *Sweet* case. The *Phelps* case, supra, cited by defendants, is quite like the instant case, except that, in that case, the answer was a general denial only; while, in the instant case, such was the situation until after the evidence was all in, when the amendment to the answer was filed. In that case, Mr. Justice Withrow, writing the opinion, said:

"In his petition, the plaintiff charged that the assault was committed by the conductor, without excuse, provo-cation, or justification. In stating the issues to the jury, the trial court copied the substance of the petition, includ-ing the averment above noted, and in a following instruc-tion, charged thereon that the burden of proof was upon the plaintiff to establish his alleged cause of action. by a preponderance of the evidence. The answer was a general denial, without any averment of excuse or justification. Whatever evidence may have been introduced, either in direct or cross-examination, which tended to show excuse or justification, was, so far as is shown by the record before us, entirely without objection to its competency or rele-vancy. The point of the objection of appellant to instruc-tion No. 1, the statement of the issues, and No. 3, as to the burden of proof, is that they required a greater degree of proof than was necessary to plaintiff's recovery, as, by the statement of plaintiff's plea that the act was without

justification or excuse, the burden of proof, although stated in general terms, was placed upon him to negative such facts. The trial court adopted plaintiff's claim, as it had the right to do, in stating the issues. It could not have said less as to the burden of proof, and have correctly stated the law; and, as appellant made no request for an instruction remedying or withdrawing that particular claim in his petition, he is not now in a position to claim error."

There is this further similarity between the *Phelps* case and the instant case, and that is that appellant made no request for an instruction remedying or withdrawing that particular claim in his petition. The trial court seems to have adopted plaintiff's theory, and submitted the case to the jury on such theory. This being so, we think that, under the authorities, appellant has no just cause of complaint.

The foregoing are the main grounds relied upon for reversal. Some other matters of less importance are argued, and they will be referred to as briefly as may be.

3. Appellant cites *Morris v. McClellan*, 154 Ala. 639 (45 So. 641), to the proposition that, in pleading self-defense, every element or fact necessary, under the law, to constitute self-defense must be averred. Ap-

**3. PLEADING: waiver of insufficiency.** pellee's answer to this is that, where a pleading is filed before a submission of the case to the jury, and such pleading is not assailed by motion or demurrer, the sufficiency of such pleading is admitted, and becomes the law of the case, and, if sustained by evidence, will defeat the plaintiff's action (citing *Roberts v. Ozias*, 179 Iowa 1141, 1143; *Pace v. City of Webster City*, 138 Iowa 107, 109; *Coleman v. Coleman*, 153 Iowa 543). Without determining the sufficiency of the defendants' amended answer, had it been attacked, it is quite clear that they sought to raise the issue of self-defense. The plead-

ing was not attached in any manner, nor was there any objection made to its being filed.

4. Appellant refers us to cases from other jurisdictions, to the proposition that the plea of self-defense is not available to one who uses language that a reasonable man would expect to bring on an encounter. The trial court instructed, in substance, that the use of offensive language would not be a justification for an assault. We understand this

**4. ASSAULT AND BATTERY: offensive language as justification.**

to be in harmony with our decisions. Among others, the following case may be cited: *Nesbit v. Chicago, R. I. & P. R. Co.,* 163 Iowa 39, 58.

The foregoing discussion disposes of all questions which are at all controlling. We have examined the record as to the minor questions, and, finding no error, the judgment is—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.