(No. 6561. March 11, 1939.)

BEN CORNELL and KALTA CORNELL, Husband and Wife, Appellants, v. WILLARD HARRIS, Respondent.

[88 Pac. (2d) 498.]

Frank F. Kibler and Geo. H. van de Steeg, for Appellants.

Frank Estabrook and Creed Mullins, for Respondent.

GIVENS, J.—June 26, 1937 about 9 P. M. appellants, husband and wife, accompanied by their 16 year-old grandson and Mrs. Cornell's mother, double parked their automobile in Nampa on Main Street between 11th and 12th.

While Mr. Cornell was in an adjacent butcher shop McArthur, a policeman of the city of Nampa, approached the car, and, while there is a sharp conflict in the evidence as to just what occurred, the substance of the following is a fair narrative leading up to the main and crucial event: Mr. McArthur wanted the automobile moved as it was obstructing traffic; the grandson, at Mrs. Cornell's suggestion was about to move it when Mr. Cornell came out of the butcher shop and after some parley as to parking and a 'ticket' the grandson, Ben Kopp, drove the car to the police station with McArthur standing on the running board. As Mr. Cornell and Mr. McArthur went down the steps of the city hall leading into the police station McArthur either pushed, shoved or struck Mr. Cornell, the occasion therefor being in dispute. Continuing they went into rooms occupied by the police department, Mrs. Cornell and grandson following, and after some slight discussion in an outer room and further dispute as to what had occurred on the street and as to what criminal charge should be lodged against Mr. Cornell, and discussion with the chief of police relative thereto, according to Mrs. Cornell's testimony Mr. Cornell said to the chief, "this is the man (McArthur) that brought me in, why not invite him in and lets talk it over." The five of them then went into an inner office where in the daytime police court was held and where fingerprint equipment and other police records were kept and investigations conducted. While there appellants contend respondent without any cause or justification forcibly and with unnecessary force and violence ejected her from the room and inflicted severe and painful injuries upon her, for which this suit was instituted resulting in a verdict and judgment for respondent; hence this appeal.

Respondent on the other hand contends that while questioning Mr. Cornell as to what had happened, Mrs. Cornell con-

tinually interrupted and although asked to desist or leave the room she refused to do so, whereupon without more force than was necessary respondent put her in the outer room and then continued his investigation. The upshot of which conference was that respondent told Mr. Cornell a charge of disorderly conduct would be placed against him and that he could either promise to appear on Monday and go on his own recognizance or post a $5 bond, the latter of which he did.

J. H. Shellabarger, city clerk and police judge testified that page 87 of his police docket, Exhibit 3, contained the following entry: "Cornell, B. H., 6–25–37. Improper parking, double parking; bond $5.00 posted; bond forfeited 6–29–37, 4:30 P. M." and in red ink, "Bond forfeited June 29, 1937, $5.00; Receipt No. 12535," but testified on cross-examination that no complaint was ever filed and there was testimony that the original or contemplated charge of disorderly conduct was, subsequent to the evening of June 26th, changed to illegal double parking evidently at the instance of the city attorney.

Inasmuch as the case must be reversed we will not discuss the sufficiency of the evidence other than to say there is additional testimony bearing upon what was said and done. Mr. Cornell's sole testimony was on rebuttal denying certain statements imputed to Mrs. Cornell and himself.

The gist of appellants' main assignments of error challenging instructions given and refused and the insufficiency of the evidence are that respondent was engaged in no lawful duty in questioning Mr. Cornell justifying him in removing Mrs. Cornell from the room occupied by him as his office, on the ground first, that it was a public place and appellant had no legal right to eject her; second, that it was not his private office and that the evidence was insufficient to show justification for her removal; third, that she was not a trespasser and that respondent was angered at what Mrs. Cornell said and solely actuated thereby in using unnecessary force and violence. Respondent's position is that he was in charge of the police headquarters and had the right to use reasonable force to remove Mrs. Cornell because she was interfering with his official duties and their reasonable exercise.

Section 49–331, I. C. A.[1] defines generally the duties of policemen and sec. 30–1702, I. C. A., enumerates the duties of sheriff, among which the second subdivision:

"The sheriff must: (2) Arrest and take before the nearest magistrate for examination, all persons who attempt to commit or who have committed a public offense."

is applicable herein in that the chief of police and McArthur had the right and it was their duty to determine what public offense appellant had committed and what criminal charge if any, they would or should lodge against him. (Sec. 19–501, I. C. A.)

Under sec. 19–603, I. C. A., the police officer had the right to arrest appellant Cornell for double parking if that was an offense under the ordinances of the city of Nampa, which apparently was taken for granted, or for disturbing the peace, if such offenses were committed in the presence of the arresting officer.

In *Usher v. Severance*, 86 Vt. 523, 86 Atl. 741, a police officer took into the police station a boy 14 years of age under the contemplated charge of larceny of a bicycle. The boy's father, stepmother, uncle and other relatives came to the station and objected to the boy being questioned. The police requested the father and relatives to desist from interference in the questioning and on their refusal to do so and refusal to leave the room, they were put out by the officers and later brought a civil suit for assault and battery as herein. Verdict and judgment therein were reversed because of error committed in the rejection of evidence as hereinafter discussed with plaintiff's rebuttal testimony. The court upheld the right of the police officer to eject the boy's relatives when they interfered with the investigation, and approved an instruction of which this is the essential part:

"It was the right of the defendant as a police officer with his assistant officers to question the Meany boy concerning the whereabouts of the bicycles supposed to have been stolen, and

1 "49–331. Powers of policemen.—The policemen of the city shall have power to arrest all offenders against the law of the state, or of the city, by day or by night, in the same manner as the sheriff or constable, and keep them in the city prison or other place to prevent their escape, until trial can be had before the proper officer."

to question him as to his guilt or innocence in the premises, and it was the right of the Meany boy to answer such questions if he chose, . . . . ''

Whether the room where respondent herein was questioning Mr. Cornell was private or public it was part of the police headquarters and though a public building, and Mrs. Cornell had initially the right to be there with her husband, respondent had the right to conduct the investigation in an orderly way, and this one in particular because respondent had in effect invited it.

 The statutes do not attempt to enumerate the powers or place exact limits on the authority which a police officer may lawfully exercise in the performance of his duties. (*Noble v. City of Palo Alto*, 89 Cal. App. 47, 264 Pac. 529.)

''46 C. J. 1032, states the general and settled rule of law as follows: 'In addition to powers expressly conferred upon him by law, an officer has by implication such powers as are necessary for the due and efficient exercise of those expressly granted, or such as may be fairly implied therefrom. But no powers will be implied other than those which are necessary for the effective exercise and discharge of the powers and duties expressly conferred and imposed, and where the mode of performance of ministerial duties is prescribed no further power is implied.' '' (*Burchard v. State*, 58 N. D. 841, 227 N. W. 564.)

''Where officers are intrusted with general powers to accomplish a given purpose, such powers include as well all incidental powers or those that may be deduced from the ends intended to be accomplished.'' (*Commonwealth v. Picard*, 296 Pa. 120, 145 Atl. 794.)

'' . . . . The duties of a public officer include, not only those which lie within the direct definition of the statute, but also those which are necessary to the accomplishment of the purpose of his office, even though they may be an incident of his main duties, where they promote the execution of a mandate of law.'' (*Southern Pacific Ry. Co. v. Stibbens*, 103 Cal. App. 664, 285 Pac. 374, 379.)

''Wherever a power is given by statute, everything lawful and necessary to the effectual execution of the power is given by implication of law.'' (*State v. Great Northern Ry. Co.*, 68 Wash. 257, 123 Pac. 8, 11.)

"If there be power or jurisdiction to do a certain thing or accomplish a result sanctioned by law, then all acts of administrative officers will be construed in aid of the thing which the law has sought to accomplish." (*Entiat Delta Orchards Co. v. Unknown Heirs, etc.*, 99 Wash. 84, 168 Pac. 1130.)

■■ If respondent was justified in conducting the investigation he was justified in conducting it in an orderly manner and providing he used no more force than was reasonably necessary in ejecting Mrs. Cornell, and providing she was guilty of· misconduct of such a nature as to make her removal necessary, he was acting within his rights. The general rule is that the owner or one rightfully in possession of premises may, after requesting one who is illegally creating a disturbance therein to desist or leave, eject him resorting to force but using no more than is reasonably necessary (*Tipsword v. Potter*, 31 Ida. 509, 174 Pac. 133, 6 A. L. R. 527), and there are cases which at least imply that a public officer has such right.

In *O'Hara v. King*, 52 Ill. 303, the assault and battery charged appears to have been committed in ejecting a person from the office of a clerk of a court, and the court said:

"The plaintiff below was rightfully in the office of the defendant, it being a public office, *he interfering with no one, in no way impeding the business then being transacted, and conducting himself in a quiet and orderly manner*. We know of no law forbidding a person, *conducting himself properly*, from entering a public office from motives of curiosity merely, at such hours as the office may be open for the transaction of public business." (Italics ours.)

Thus while the court does not expressly hold, it intimates that one not conducting himself properly or when interfering with the conduct of the official business has no right to be in the room and might be ejected. In line with this thought *People v. Galpern*, 259 N. Y. 279, 181 N. E. 572, 83 A. L. R. 785, supports the proposition that the official is entitled and will be protected in the use of reasonable discretion in regard to use of force under somewhat similar circumstances. In *McNally v. Arnold*, 127 Iowa, 437, 103 N. W. 361, an action for assault and battery as herein, the court affirmed a judg-

ment for defendant on the theory that there was a valid justification for the defendants in the use of force to maintain order and discipline in the jail where the plaintiff was boisterous and disorderly. (See, also, *Cain v. Skillin*, 219 Ala. 228, 121 So. 521, 64 A. L. R. 1022.)

Instructions 4 [2] and 5 [3], therefore, were substantially correct except there should have been added the admonition that the officer after requesting Mrs. Cornell to leave should have allowed a reasonable time for her to comply before forcibly ejecting her. (*Tipsword v. Potter, supra.*)

▮ Respondent testified for the defense among other things that Mrs. Cornell had said "This is a hell of a police department." On rebuttal Mrs. Cornell was called and asked if she made the statement. It was objected to as not being proper rebuttal and that "she stated on direct examination

[2] "Instruction No. 4:

"The Jury is instructed that as a matter of law, any person having an office or place of business for his use may use such force as may be reasonably necessary to remove therefrom trespassers or intruders or persons originally on the premises by license or permission, who subsequently create disturbance or conduct themselves in an improper manner and refuse to desist or leave on request, and if you find from the evidence that Kalta Cornell, the plaintiff, entered the private office being occupied by the Chief of Police of Nampa for the conducting of the police business of the City of Nampa, and conducted herself in such a manner as to interfere with the business of said defendant, then you are instructed that if you find from the evidence the defendant requested her, the said Kalta Cornell, to keep quiet or leave his office, and she failed to do so, and that he thereupon requested her to leave his office, and she failed to do so, that the said defendant had the right, under the law, to remove her therefrom and to use such reasonable and prudent force as became necessary to remove her therefrom and that any injuries sustained by the plaintiff caused by her resistance of such lawful removal is in consequence of her own act and the defendant is not responsible for such injuries or damage."

[3] "Instruction No. 5:

"The Jury is instructed that a peace officer or other person empowered to maintain peace and order is not liable for injuries inflicted by him in the use of reasonable force in order to preserve the same, or to overcome resistance to his authority; and if you find from the evidence that Kalta Cornell was conducting herself in a disorderly

everything she said.'' The objection was sustained.. Also Mr. Cornell was called and asked if he made certain statements as to what respondent had done and testified in regard to the licking he was said to have threatened McArthur with, and also the statements imputed to Mrs. Cornell. Objections thereto were sustained on the ground that he was one of the plaintiffs, it was on rebuttal and that he had been in the court room all the time. None of these grounds were valid and the objections should not have been sustained (*Usher v. Severance, supra*) and in view of the conflict in the evidence the rulings were highly prejudicial.

 Requested instructions 8, 9, 10, 14, and 22[4] should have been given. The other requested instructions were sub-

manner, using loud language and interfering with the peace, quiet and business being conducted in the office of the defendant and that the said defendant requested her to refrain from interfering and requested her to keep quiet, and you find that she refused or failed to do so, and that she was thereafter ordered to leave the premises and refused or failed to do so and the defendant used only such reasonable force as was necessary to remove her from the premises, then you are instructed that the defendant is not liable for so preserving and maintaining the peace and order, and you will find a verdict for the defendant.''

[4] "Requested Instruction No. 8:

"You are instructed that, as a matter of law, the City Hall of the City of Nampa, where the alleged assault and battery in this case took place, is a public building, and that the plaintiff, Kalta Cornell, had every right to enter the same and to enter the rooms in said City Hall used by the police of said City of Nampa, if you find that she did so peaceably and for the purpose of seeing her husband, Ben Cornell, who was held there under arrest by the police of the City of Nampa.''

Requested Instruction No. 9:

"You are further instructed that the defendant in this action, if you find from all the evidence that he committed an assault and battery upon the person of plaintiff, Kalta Cornell, in order to eject her from the premises in the City Hall of Nampa, must establish by a preponderance of all the evidence that said Kalta Cornell was first requested by him to depart from the premises, that after such request he allowed her a reasonable time to do so, that after allowing her such reasonable time she still remained there, and finally, that in ejecting her by force he used no more force than was reasonably necessary to eject her. Unless you find affirmatively upon each and all the foregoing proposi-

stantially covered by those given, which with the addition of these above suggested fairly stated the law.

The judgment is reversed and the cause remanded for a new trial.

Costs awarded to appellants.

Ailshie, C. J., and Budge, Morgan and Holden, JJ., concur.

tions, the defendant cannot excuse or justify such assault and battery."

Requested Instruction No. 10:

"You are further instructed that no words alone, however opprobrious or insulting, nor the refusal of Kalta Cornell to keep quiet, nor her interruptions and talking, as claimed by the defendant, if you find that she did so, would justify an assault and battery, or either an assault or a battery, by the defendant upon the person of said Kalta Cornell; but such words and the manner in which, and the circumstances under which, they were uttered, may be considered by the jury in mitigation of any damage to which the plaintiffs may be entitled, if you find for them in this case."

Requested Instruction No. 14:

"You are instructed that in order to justify the use of force in order to eject a trespasser from premises where he entered peaceably, it must be shown that he was first requested to depart, and either that he refused to or did not comply with the request after being allowed a reasonable time to do so."

Requested Instruction No. 22:

"All of these instructions should be considered together. No one of them states all the law of the case or states the law completely as to the whole case, but all of them when taken together, state the law which governs this case and which is to be applied to the facts, as you may determine such facts to be, and which must guide and direct you in your deliberations and in arriving at your verdict."