754 P.2d 449

**In the Matter of the Suspension of the Driver's License of Steven E. KAPPELMAN.**

**Steven E. KAPPELMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 16720.

Court of Appeals of Idaho.

April 19, 1988.

Petition for Review Denied Aug. 30, 1988. See 114 Idaho 797, 761 P.2d 312.

Gary H. Lew, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

After being arrested by a state patrolman for driving under the influence, Steven Kappelman refused to take a blood alcohol test. Pursuant to a statute and rule, Kappelman's license was seized by the arresting officer pending suspension. At the conclusion of a hearing on the seizure, a magistrate suspended the license for 120 days. Kappelman appealed to the district court, where the order of suspension was affirmed. A second appeal has been taken.

Idaho Misdemeanor Criminal Rule 9.2 states: "The court shall not accept a license seized under section 18–8002, Idaho Code, without an accompanying affidavit of the officer...." This affidavit is alleged by Kappelman to have been improperly executed, causing the seizure of his license to be illegal. More importantly, he contends, in the absence of a proper affidavit, the magistrate was without jurisdiction to conduct a hearing and order suspension of Kappelman's license for a refusal to take a blood alcohol test. We affirm the district

court's appellate decision upholding the seizure and suspension of the license.

The affidavit required under I.M.C.R. 9.2 is dependent in part on an oath administered pursuant to I.M.C.R. 12. Rule 12 sets out appointment requirements including those which cover police officers administering oaths. Pursuant to this rule an order had been issued by the administrative district judge in the Third Judicial District in March of 1985 stating:

NOW, THEREFORE, IT IS ORDERED that all duly authorized on shift Peace Officers, including but not limited to Shift Commanders, Lieutenants, Sergeants, Corporals, Deputies and Patrolmen, have the authority to administer oaths to the Peace Officer signing the Affidavit of Refusal to Take Alcohol Test.

The authority of the judge to issue the order has not been challenged in any way by Kappelman.

■ One of the appointment requirements contained in I.M.C.R. 12 is that the person appointed to administer an oath "shall be required to execute official surety bonds in the sum of not less than $1,000." At the time of Kappelman's arrest, the State of Idaho carried an insurance policy in the amount of $2,000,000 covering state police. Clause five of the policy reads in pertinent part:

*Faithful Performance Blanket Bond Coverage*

Loss caused to the Insured through the failure of any of the employees, acting alone or in collusion with others, to perform faithfully his duties or to account properly for all monies and property received by virtue of his position or employment during the bond period to an amount not exceeding in the aggregate the amount stated in the limit of liability applicable to this Insuring Clause.

Kappelman argued at the hearing on the seizure as well as on appeal that the blanket bond coverage does not satisfy the surety bond requirements under I.M.C.R. 12.

The faithful performance blanket bond coverage was acquired by the state according to the terms of I.C. §§ 59–803 and 804 which allow the procurement of official bonds for employees. These bonds are "whenever possible, conditioned on honesty and the faithful performance of [the employee's] duties during the employment or term of office." I.C. § 59–804(1). The duties of Idaho state police officers are found in I.C. § 19–4804—"Powers and duties of the Idaho State Police." The enumerated duties do not specifically include the administering of oaths.

Kappelman concedes that the faithful performance blanket bond coverage found in the state's insurance policy in clause five covers the officer's duties listed under I.C. § 19–4804. Kappelman asserts that the duty of administering oaths is more akin to the duty of a notary public or a judicial clerk. He argues that the Rule 12 appointment to administer oaths does not bear a sufficient relation to those duties of law enforcement enumerated in I.C. § 19–4804. Therefore, the bond coverage does not extend to this extraneous oath taking function. This argument attempts to draw a distinction we cannot acknowledge. Idaho Code § 19–4804 includes the language: "Members of the Idaho state police shall have the power and it shall be their duty to: a. enforce all of the penal and regulatory laws of the state; . . . ." In our view, the officer's duty to "enforce all . . . laws" includes by necessary implication the procedural requirements attendant to those laws. Such requirements are set forth in I.M.C.R. 9 and 12.

> The duties of a public officer include, not only those which lie within the direct definition of the statute, but also those which are necessary to the accomplishment of the purpose of his office, even though they may be an incident of his main duties, where they promote the execution of a mandate of law.

*Cornell v. Harris,* 60 Idaho 87, 93, 88 P.2d 498, 500 (1939) (quoting *Southern Pacific Ry. Co. v. Stibbens,* 103 Cal.App. 664, 285 P. 374, 379 (1930)). Following *Cornell,* we hold that administering the oath for the affidavit is reasonably necessary to accomplish the purpose of enforcement of law, here I.C. § 18–8002. This enforcement is by the mechanisms enacted in the Idaho Misdemeanor Criminal Rules.

Even though part of the officer's duties to enforce the laws, the administration of oaths is a specific new undertaking for the officer. These additional undertakings, even subsequently enacted, when they are within the scope of the particular office come within the coverage of the bond. "[S]ureties on an official bond are presumed to take notice of the fact that changes will be made concerning the duties of their principal, and where these changes are made in matters of minor importance, which, as a whole, do not substantially increase their responsibilities, the sureties will not be exonerated." *Spokane County v. Allen,* 9 Wash. 229, 37 P. 428, 430 (1894). Administering an oath is not outside the scope of those duties already enumerated in I.C. § 19–4804.

The next argument raised by Kappelman is that I.M.C.R. 9.2 and 12 should be strictly construed in their application. *Smith v. United States,* 360 U.S. 1 (1959). He contends that a strict interpretation of Rule 12(a) requires the execution of a specific surety bond by each person appointed to administer oaths. Subsection (b) of the rule provides for law enforcement officers receiving fines to be covered either by a $1,000 surety bond or by an existing blanket fidelity bond. Kappelman contends that a purposeful distinction has been drawn by the Idaho Supreme Court when they promulgated Rule 12 allowing a blanket fidelity bond to be used for the purpose described in part (b) but not for the oath taking duties of officers appointed under part (a).

We do not agree. The language of subsection (a) includes duties apart from administering oaths, e.g., receiving monies paid. This section recognizes the appointment of individuals who are not otherwise covered by existing blanket bonds, including officers employed by a county or city and the requirement of bonding for performance of these duties. If an individual appointed to administer oaths is instead

covered by a blanket fidelity bond this would serve as well to guarantee faithful performance of the duties of such officers as would the ordinary individual surety bond in the amount of $1,000. We note also that I.C. § 59–804 authorizes the use of blanket bonds in lieu of individual bonds as a purely administrative decision. By law a blanket surety bond incorporates the same terms as the individual bonds it seeks to replace. I.C. § 58–804(2). If an officer's duty includes administering oaths then the faithful performance blanket bond will also cover this duty.

■ Kappelman's last argument is that a surety company can be held liable under a general bond, for a duty imposed upon an officer subsequent to the issuance of the bond, only where the *Legislature* has imposed the new duty. He contends that a new duty imposed by court rule or order lacks the force of law. Therefore, the surety company here *could* avoid liability on its bond. If the surety company *could* avoid coverage for such a duty, Kappelman would have us hold that the arresting officer did not subscribe and swear to his affidavit before a person authorized to administer an oath, that is, before a person who was bonded as required by I.M.C.R. 12. We are not persuaded by this argument.

Kappelman has cited some authority in support of his contention that the court order promulgated under the Idaho Misdemeanor Criminal Rules lacks the force of law. *See, e.g., Coleman v. Ormond,* 60 Ala. 328 (1877). On the other hand, more recent cases, which we choose to follow, hold that rules of the court have the force of "law." *Mann v. Cracchiolo,* 38 Cal.3d 18, 210 Cal.Rptr. 762, 694 P.2d 1134 (1985); *Department of Finance v. Sheldon,* 381 Ill. 256, 44 N.E.2d 863 (1942); *State v. Mitchell,* 672 P.2d 1 (Kan.1983); *Goldston v. Karukas,* 180 Md. 232, 23 A.2d 691 (1942). We reject Kappelman's argument that the surety in this case can have no

liability for the duty of administering oaths because the duty was not imposed by "law."[1] We believe our ruling is consistent with the provisions of I.C. § 59–814 dealing with the liability of a surety on an *existing* bond for duties subsequently imposed.

Every such bond is in force and obligatory upon the principal and sureties therein for the faithful discharge of all duties which may be required of such officer by *any law* enacted subsequently to the execution of such bond, and such condition must be expressed therein. [Emphasis added.]

We conclude that the officer who administered the oath to the affiant was in compliance with the requirements of Rule 12. Therefore, the arresting officer's affidavit was valid. It conferred jurisdiction upon the magistrate to conduct a hearing regarding Kappelman's refusal to take an alcohol concentration test. No other defect in the proceedings has been alleged. Accordingly, we affirm the appellate decision of the district court upholding the license suspension order of the magistrate.

Costs to respondent.

WALTERS, C.J., and BURNETT, J., concur.

---

1. We note here that no surety company is a party to this action. Moreover, Kappelman has produced no evidence that the surety company in this case would deny coverage under its blanket bond for the duties prescribed by the Idaho Misdemeanor Criminal Rules. We recognize that Kappelman's standing to make this argument is debatable. Accordingly, our ruling on the merits of this issue is limited to the facts of this case and to the parties directly involved.