The Honorable Tom Wynne Prosecuting Attorney P.O. Box 231 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to Deputy Prosecuting Attorney Caren Lee Harp's request for an opinion on three questions raised by the El Dorado Police Department. The questions involve the operation of the Police Department's tactical unit, which is most often deployed in hostage and sniper situations. The three questions regarding this unit are as follows:
 1. Does the Police Department have the authority to force citizens to evacuate their homes or businesses for their safety if the citizens refuse to evacuate?
 2. Does the Police Department have the authority to use whatever property is necessary to gain a position themselves [sic] in a tactical advantage over suspects?
 3. Does the Police Department have the authority to cut off utilities to the building or area where the hostile situation exists?
These questions are not governed by any provisions of the Arkansas statutes. The only remotely applicable provision of the statutes is A.C.A. § 14-52-202 (Supp. 1989) which defines the powers of the police chief. That statute provides that it is the police chief's duty to:
 supress all riots, disturbances, and breaches of the peace. To that end he may call upon the citizens to assist him to apprehend all persons in the act of committing any offense against the laws of the state or the ordinances of the city. . . . [Emphasis added.]
This statute, although drafted broadly, is not specifically addressed to evacuation situations or the use of private property in the apprehension of criminals. As has been stated by the courts of other states, the statutes do not emunerate powers, or place exact limits on authority, which a police officer may lawfully exercise in the performance of his duties, Cornell v.Harris, 60 Idaho 87, 88 P.2d 498 (1939).
Because the powers of the police are not specifically addressed in the statutes, they are most often defined by the city council through the adoption of ordinances (see A.C.A. § 14-52-101), or by the adoption of rules and regulations or policies of the police departments themselves. See generally A.C.A. §14-51-302. You have noted that the El Dorado Police Department is drafting its written policy regarding the tactical unit and needs to know the parameters of its authority.
We have found no helpful state or federal case law on the precise questions posed. It appears then that the El Dorado Police Department should draft its policy as it deems in the best interests of protecting the public, and may additionally wish to have the city council enact specific ordinances to the same effect. The Department should do so on the advice of its regular legal counsel, and presumably after sharing information with other tactical units across the state or country. Any action challenging the operation or authority of the tactical unit will thereafter have to be decided by a court faced with the facts of a particular incident. There are a myriad of potential claims and actions which could conceivably be brought against actions of a police department in this regard, including federal constitutional claims. Most actions of local police would be afforded immunity from damages on state causes of action, (A.C.A. § 21-9-301) and may to some degree under federal law as well.See generally, Fogle v. Benton County Scan, 665 F.Supp. 729
(W.D. Ark. 1987). It is my opinion, additionally, that a police department will be given a wide berth of authority in exercising power to protect citizens in hostile situations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb