EDUARDO MANCAO, and JUANITA MANCAO, Plaintiffs-Appellants,
v.
OKIMOTO CORPORATION, dba WAIANAE STORE, KENNETH OKIMOTO and GAIL OKIMOTO, Defendants-Appellees
No. 28380.
Intermediate Court of Appeals of Hawaii.
May 28, 2008.
On the briefs:
Eduardo B. Mancao, Juanita B. Mancao, Pro Se Plaintiffs-Appellants
Michael A. Lorusso, Shirley M. Kawamura, (Kawashima Lorusso & Tom LLP) for Defendants-Appellees

MEMORANDUM OPINION
WATANABE, Presiding Judge, NAKAMURA, and FUJISE, JJ.
Plaintiffs-Appellants Eduardo Mancao and Juanita Mancao (collectively, "the Mancaos" or "Plaintiffs") appeal, pro se, from the order of the Circuit Court of the First Circuit (circuit court)[1] dismissing their complaint without prejudice. The complaint was dismissed pursuant to Hawaii Revised Statutes (HRS) § 663-1.3 (1993),[2] which precludes a party in a tort action from praying for a specific amount of damages. The Mancaos' main contention on appeal is that the circuit court erred in dismissing their complaint without permitting them to amend their complaint in accordance with HRS 663-1.3(b). We conclude that the Mancaos were entitled to amend their complaint under HRS § 663-1.3(b) and Hawai`i Rules of Civil Procedure (HRCP) Rule 15(a) (2008). Accordingly, we vacate the circuit court's dismissal order and remand the case with instructions that the circuit court provide the Mancaos with a reasonable period of time to amend their complaint.

I.
Defendants-Appellees Okimoto Corporation, doing business as Waianae Store, Kenneth Okimoto, and Gail Okimoto (collectively referred to as "Defendants") operated a grocery store. A cashier working at Defendants' store allegedly had words with the Mancaos' niece about a personal matter involving their families while the niece was purchasing items from the store. Eduardo Mancao complained about the incident to Gail Okimoto. Later, Gail Okimoto allegedly barred the Mancaos and members of their family from the store.
The Mancaos, proceeding pro se, filed a complaint in circuit court against Defendants alleging causes of action for "Gross Mental Anguish, Defamation of Character, Invasion of Privacy, Humiliation, Intimidation[,] Embarrassment, USC 1st Amendment Freedom of Speech, and 14th Amendment Equal Protection." The complaint contained a prayer for relief seeking "(a) 2,500,000.00 for Punitive Damages, (b) 800,000.00 for Mental Anguish."
Defendants did not file an answer to the complaint. Instead, they filed a motion to dismiss all claims against Defendants, or in the alternative for summary judgment (Motion to Dismiss). In support of their Motion to Dismiss, Defendants argued that the complaint was "fatally defective" because it violated HRCP Rules 8, 10(b), and 11 and because it contained a specific prayer for damages in violation of HRS 663-1.3. Defendants further argued that the complaint should be dismissed pursuant to HRCP Rule 12(b)(6) because the Mancaos' causes of action failed to state claims upon which relief could be granted. The Mancaos filed a memorandum in opposition to Defendants' Motion to Dismiss which focused on Defendants' contentions that the Mancaos' causes of action failed to state valid claims. The Mancaos' opposition did not address Defendants' argument that the Mancaos' prayer for a specific amount of damages violated HRS § 663-1.3.
On December 21, 2006, the circuit court held a hearing on Defendants' Motion to Dismiss, and it orally granted the Motion to Dismiss. The only basis for the court's ruling was that the Mancaos' complaint violated HRS 663-1.3 by praying for a specific amount of damages and there had been no request by the Mancaos to amend the complaint:
From what I've been able to gather, this is a tort action. And under Section 663-1.3, where there is a specified amount of damages, the  and I think 663 deals with torts so I think we're in the right chapter  the claim shall be dismissed by the Court without prejudice absent any request from the claimant for amendment. And there has been no request so under 663-1.3, I am going to dismiss this complaint, which is a tort complaint from what I can gather, without prejudice. Thank you very much.
On January 3, 2007, the Mancaos filed a "Motion in Objection of Order Granting Dismissal of Complaint Without Prejudice (Objection Motion)."[3] At the time the Objection Motion was filed, the circuit court had not yet entered a written order dismissing the complaint. In the Objection Motion, the Mancaos asked the court for permission to amend their complaint:
The [P]laintiffs claim constitutional deprivations and punitive damages besides mental anguish and with permission will delete the mental anguish in our Amendment Complaint and go with compensatory relief and others, in order not to intrude upon tort claims.
. . . .
The [P]laintiffs ask this honorable court to permit the [P]laintiff to amend the Complaint to correct all things.
(Emphasis added.)
On January 10, 2007, seven days after the Objection Motion was filed, the circuit court entered its written "Order Granting [Defendants'] Motion to Dismiss All Claims Against [Defendants], or in the Alternative, For Summary Judgment Without Prejudice" (Dismissal Order). The Dismissal Order granted Defendants' Motion to Dismiss "pursuant to [HRS] Section 663-1.3" and dismissed the Mancaos' complaint without prejudice. On January 19, 2007, the Mancaos filed a notice of appeal from the Dismissal Order. On February 2, 2007, the circuit court entered an order denying the Mancaos' Objection Motion. With respect to the Mancaos' request to amend their complaint, the court found that the Mancaos had "failed to request permission to amend their pleading prior to the Court's resolution of Defendants' [Motion to Dismiss], and now set forth no new relevant argument or evidence that could not have been adduced at that time."

II.
As noted, the main argument of the Mancaos on appeal is that the circuit court erred in dismissing their complaint without permitting them to amend their complaint in accordance with HRS § 663-1.3(b).[4] The circuit court dismissed the complaint pursuant to HRS 663-1.3, which calls for the dismissal without prejudice of a complaint that contains a prayer for a specific amount of damages in a tort action.[5] HRS 663-1.3(b), however, provides that "the court shall allow the pleading to be amended in lieu of dismissal at the request of the claimant." The Legislature added this proviso to "remove the harshness of the dismissal without prejudice by allowing a claimant to amend the pleadings" to comply with the requirements of HRS 663-1.3. Sen. Stand. Comm. Rep. No. 2542, in 1988 Senate Journal at 1077. We conclude, under the circumstances of this case, that the circuit court erred in refusing to permit the Mancaos to amend their complaint pursuant to HRS 663-1.3(b).
Although not cited by either party, HRCP Rule 15(a) provides an alternative ground for our conclusion that the circuit court erred in denying the Mancaos' request to amend their complaint. HRCP Rule 15(a) provides in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . " " " In this case, Defendants did not file an answer to the Mancaos' complaint, and Defendants' Motion to Dismiss was not a responsive pleading for purposes of Rule 15(a). Ellis v. Crockett, 51 Haw. 45, 60, 451 P.2d 814, 824 (1969). The Mancaos made their request to amend their complaint before the written Dismissal Order was entered. They were thus entitled, as a matter of right, to amend their complaint pursuant to HRCP Rule 15(a).
Under similar circumstances, the Hawai`i Supreme Court in Ellis held that the plaintiffs were entitled under HRCP Rule 15(a) to amend their complaint as a matter of right. Id. at 59-60, 451 P.2d at 823-24. The plaintiffs in Ellis asked for permission to amend their complaint immediately after the trial court orally granted the defendants' motion to dismiss the entire action. Id. at 49, 451 P.2d at 818-19. The trial court summarily denied the plaintiffs' request to amend their complaint before the dismissal order had been entered. Id. at 49, 451 P.2d at 819. The supreme court held that trial court erred in refusing to permit the plaintiffs to amend their complaint:
We hold that the [plaintiffs] were entitled to file an amended complaint as a matter of right. [HRCP] Rule 15(a) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." As the defendants admit, a motion to dismiss is not a "responsive pleading" within the meaning of the rule. Kelly V. Delaware River Joint Commission, 187 F.2d 93, 94 (3d Cir. 1951), Breier v. Northern California Bowling Properietors' Assn., 316 F.2d 787, 789 (9th Cir. 1963). Therefore, the mere service of the motion for dismissal cannot terminate the right to amend.
Since the granting of an order of dismissal does not become effective until entered pursuant to piRcP] Rule 58 as indicated above, the oral granting of the motion cannot terminate the right to amend once as a matter of course. At the time the motion for dismissal was orally granted in this case, the judge was prohibited by Rule 15(a) from denying permission to file an amended complaint. Even though a specific request for leave to amend was not necessary, the judge had no discretion to refuse such leave when it was in fact requested. Such refusal was reversible error.
Id. at 60, 451 P.2d at 824 (brackets and ellipsis in original).

III.
We vacate the Dismissal Order filed by the circuit court on January 10, 2007, and we remand the case with instructions that the circuit court provide the Mancaos with a reasonable period of time to amend their complaint.
NOTES
[1] The Honorable Karen S.S. Ahn presided.
[2] HRS § 663-1.3 (1993) provides as follows:

663-1.3 "Ad damnum" clause prohibited. (a) Notwithstanding any other provision of law, in any action based on tort, including a medical tort as defined in section 671-1, to recover damages for personal injuries or wrongful death, no complaint, counterclaim, cross claim or third party claim nor any amendment to such pleadings shall specify the amount of damages prayed for but shall contain a prayer for general relief, including a statement that the amount of damages is within the minimum jurisdictional limits of the court in which the action is brought.
(b) If the complaint, counterclaim, cross claim or third party claim or any amendment to such pleadings contains a specified amount of damages, the claim, counterclaim, cross claim or third party claim shall be dismissed by the court without prejudice; provided that, upon the filing of a motion to dismiss a complaint on the grounds of specificity of damages, the court shall allow the pleading to be amended in lieu of dismissal at the request of the claimant.
[3] In their answering brief, Defendants contend that the Mancaos' Objection Motion was never filed with the circuit court and that only a certificate of service for the Objection Motion was filed. Defendants therefore contend that the Objection Motion is not part of the record on appeal. We disagree with these contentions. Our review of the record reveals that the Objection Motion along with the certificate of service was filed in the circuit court on January 3, 2007. However, the certificate of service received the file stamp because it was the first page rather than the last page of the pleading. The computerized index of the circuit court's docket sheet, which identifies the pleadings included in the record on appeal, shows that on January 3, 2007, a "Certificate of Service" consisting of three pages was filed at pages 101-03. Our review of the circuit court's pleadings file establishes that these three pages are the one-page certificate of service followed by the two-page Objection Motion.
[4] The Mancaos raise other points of error, including that the circuit court erred by: 1) dismissing their civil claim because they alleged a monetary amount of relief; 2) dismissing their civil action by saying it was just a tort claim when they had alleged constitutional deprivations; 3) not allowing the civil action to continue so that the Mancaos could engage in discovery; 4) stating that their constitutional claims were not supported by any state action or an exception thereto; and 5) failing (in some unspecified way) to consider Edwardo Mancao's defective hearing. In light of our disposition of the Mancaos' main argument on appeal, we need not decide the Mancaos' other points of error.
[5] We do not address the other grounds asserted by Defendants in their Motion to Dismiss. The circuit court did not rely upon these other grounds in its decision and Defendants did not argue them on appeal.